Johnny Lee KINSEY *v*. STATE of Arkansas

CR 86-63                                716 S.W.2d 188

Supreme Court of Arkansas
Opinion delivered September 22, 1986

*John W. Settle*, for appellant.

*Steve Clark*, Att'y Gen., by: *Theodore Holder*, Asst. Att'y Gen., for appellee.

JACK HOLT, JR., Chief Justice. Appellant Johnny Kinsey was convicted of attempted murder in the first degree (sentence of thirty-five years and a fine of $15,000), aggravated robbery (thirty years), burglary (fifteen years), and felon in possession of a firearm (twelve years and $10,000). Appellant's sentencing was pursuant to the habitual offender statute, Ark. Stat. Ann. § 41-1001 (Supp. 1985). Appellant argues on appeal that the evidence was insufficient to support the convictions of aggravated robbery and burglary; attempted first degree murder was a lesser included offense of the aggravated robbery; aggravated robbery was a lesser included offense of the burglary; and fines could not be assessed against him as an habitual offender. Supreme Ct. R. 29(1)(b) gives this court jurisdiction. We affirm.

Mrs. Elaine Paul was the primary witness in the trial of the appellant. She testified that the appellant came to her door holding the prescription drugs she had ordered for her husband, Dr. Edgar Paul. She opened the door and appellant came toward her with a gun, backed her to the wall, and told her to hold out her fingers. He inspected her jewelry, commenting that it was "cheap." When Dr. Paul entered the room and told the appellant to get out, the appellant shot Dr. Paul in the right shoulder. Dr. Paul fell to the floor, and Mrs. Paul ran to the back of the house where she pushed an alarm button and called the police. When she returned the appellant had fled, taking only the medicine.

The appellant contends that the evidence was insuffi-

cient to prove that he had the intent or purpose to commit theft as required by the aggravated robbery statutes, Ark. Stat. Ann. §§ 41-2102 and 2103 (Repl. 1977 and Supp. 1985). In *Johnson & Carroll* v. *State*, 276 Ark. 56, 632 S.W.2d 416 (1982), the appellants entered a hotel guest's room, stuck a gun in his chest and told him to "Get them up." Instead, the guest began shooting at the appellants and they fled. We held this fact situation was sufficient to show an intent to commit theft for purposes of an aggravated robbery conviction, and stated:

> Intent or purpose to commit a crime is a state of mind which is not ordinarily capable of proof by direct evidence, so it must be inferred from the circumstances. *Smith* v. *State*, 264 Ark. 874, 575 S.W.2d 677 (1979).

> The jury is allowed to draw upon their common knowledge and experience in reaching a verdict from the facts directly proved. . . . Common knowledge and experience, when considered in the light of the facts of this case, could enable the jury to find that the only purpose appellants could have had in sticking a gun in Sealey's chest and saying, "Get them up." was to rob Sealey.

Likewise, the motives of the appellant in holding Mrs. Paul at gunpoint while he inspected her jewelry were clear and the jury justifiably concluded that appellant intended to commit theft.

It follows that Mrs. Paul's testimony was also sufficient to convict the appellant of burglary for unlawfully entering her home with the purpose of committing an offense punishable by imprisonment. Ark. Stat. Ann. § 41-2002 (Repl. 1977).

The appellant next argues that the double jeopardy clause and Ark. Stat. Ann. § 41-105(1) and (2)(a) (Repl. 1977) prohibit his conviction of attempted first degree murder because it was established by proof of the same or less than all the elements required to establish the aggravated robbery. In some instances this argument would have merit, in that one form of aggravated robbery includes the element that the defendant "inflicts or attempts to inflict death or serious injury upon another person" with the purpose of committing a theft. This puts aggravated robbery in the same posture as felony murder, where

a defendant cannot be convicted of felony murder and the underlying felony. *Swaite* v. *State*, 272 Ark. 128, 612 S.W.2d 307 (1981). In this case, however, the aggravated robbery and the attempted first degree murder were two different criminal actions with separate victims. The aggravated robbery had already been fully performed when the appellant held Mrs. Paul at gunpoint and examined her jewelry with the purpose of committing a theft. The attempted first degree murder occurred separately when the appellant shot Dr. Paul. Although crimes are committed in the same escapade, they are not part of the same conduct when committed against different persons. *Swaite, supra.*

■ Neither is aggravated robbery a lesser included offense of burglary. Aggravated robbery requires some type of serious force or threat of force used with the purpose of committing a theft, none of which is required to commit burglary. Burglary requires only that the defendant enters or remains unlawfully in an occupiable structure with the purpose of committing any offense punishable by imprisonment. Although aggravated robbery was the punishable offense which the appellant had the purpose of committing, a defendant may be convicted of the burglary for entering the home and the subsequent offense he commits after the entry. *King* v. *State*, 262 Ark. 342, 557 S.W.2d 386 (1977). The "unlawful entry is an independent and substantive offense with the result that cumulative penalties may be imposed for entering with intent to steal and for stealing." *Id.*, citing commentary to § 41-2002.

Appellant's last argument is that Ark. Stat. Ann. § 41-803 (5) (Supp. 1985) prohibits the court from imposing fines on a defendant who has previously been convicted of two or more felonies. A complete reading of this statute makes it clear that this is not the legislative intent:

> (5) If a defendant pleads or is found guilty of an offense other than capital murder, treason, a Class Y felony or murder in the second degree, the court may suspend imposition of sentence or place the defendant on probation, in accordance with Chapter 12 [§§ 41-1201—41-1211] of this Article. If the offense is punishable by fine and imprisonment, the court may sentence defendant to pay a fine and suspend imposition of sentence as to imprisonment

or place him on probation. The court may sentence the defendant to a term of imprisonment and suspend imposition of sentence as to an additional term of imprisonment, but the court shall not sentence a defendant to imprisonment and place him on probation, except as authorized by Section 1204 [§ 41-1204]. The court shall not suspend imposition of sentence, place the defendant on probation or sentence him to pay a fine if it is determined, pursuant to Section 1005 [§ 41-1005], that the defendant has previously been convicted of two (2) or more felonies.

The last sentence is relied on by appellant for the proposition that the court cannot impose a fine on an habitual offender. This sentence is a limitation on the court's exercise of the leniency allowed in the first part of the statute. Read in context, it obviously means that the court is not allowed to "only" impose a fine in place of a prison sentence when the defendant is an habitual offender. There is no conceivable reason why the legislature would allow fines to be assessed against first offenders in addition to a prison sentence, and not to allow fines for habitual offenders. Even penal statutes should not be interpreted so strictly as to reach absurd consequences which are clearly contrary to the legislative intent. *Dollar* v. *State*, 287 Ark. 61, 697 S.W.2d 868 (1985).

Affirmed.