Jim Arthur WARD *v.* STATE of Arkansas

CA CR 86-186                                      726 S.W.2d 289

Court of Appeals of Arkansas
Division I
Opinion delivered March 25, 1987

*Bill E. Ross*, for appellant.

*Steve Clark*, Att'y Gen., by: *William F. Knight*, Asst. Att'y Gen., for appellee.

DONALD L CORBIN, Chief Judge. Appellant, Jim Arthur Ward, was charged by amended information with two charges of burglary, felony and misdemeanor theft of property and breaking or entering. Count I of the amended information concerned the burglary of the Blytheville Police Firing Range in which appellant was charged with one of the charges of burglary and felony theft of property. Count II of the amended information concerned

the burglary of the Blytheville Municipal Airport in which appellant was charged with burglary, breaking or entering and theft of property under $200.

The State elected not to proceed against appellant on Count I of the amended information which related to the burglary of the Blytheville Police Firing Range. Appellant was found guilty under Count II of having committed burglary and breaking or entering by a Mississippi County jury and was sentenced to a term of six years in the Arkansas Department of Correction on the burglary charge and five years on the breaking or entering charge, said sentences to run consecutively with appellant receiving credit for jail time. Appellant was found not guilty of misdemeanor theft of property. Three points are relied upon for reversal: (1) the trial court erred in allowing appellant to be tried for burglary and the object of the burglary, breaking or entering and theft of property under $200; (2) the trial court erred in not granting appellant's motion to set aside the verdict and motion for new trial; and (3) the trial court erred in running appellant's sentences consecutively instead of concurrently. We affirm.

Appellant first contends that inasmuch as breaking or entering is a lesser included offense of burglary, conviction of both offenses is prohibited by Arkansas Statutes Annotated § 41-105 (Repl. 1977). Appellant notes that the jury found him innocent of misdemeanor theft of property and that it would have been proper under the law to have convicted him of theft and burglary, but not burglary and breaking or entering. Pursuant to the authority of § 41-105, he argues that the breaking or entering conviction should be dismissed. In this regard, appellant states that he cannot be convicted of more than one offense arising out of the same conduct when one of the offenses is included in the other. Ark. Stat. Ann. § 41-105(1)(a) and (2)(a). He states further that the conduct constituted an offense defined as a continuing course of conduct and his course of conduct was uninterrupted and he could not be convicted of more than one offense. Ark. Stat. Ann. § 41-105(1)(e).

The State counters this argument by asserting that breaking or entering is not a lesser included offense of burglary pursuant to § 41-105(1)(a) and (2)(a). It acknowledges that when the commission of a criminal offense by definition cannot be

established without the commission of any underlying criminal offense, convictions for both offenses are barred by § 41-105, citing *Robinson* v. *State,* 279 Ark. 61, 648 S.W.2d 446 (1983). The defendant in *Robinson* was convicted of aggravated robbery and first degree battery. He had been charged with first degree battery in violation of Arkansas Statutes Annotated § 41-1601(d) in that he committed the battery during the course of a felony, that felony being aggravated robbery. The court there set aside the conviction and sentence for first degree battery as it was violative of Arkansas Statutes Annotated § 41-105. The State also points out here that the criminal code does not excuse a defendant for multiple crimes committed during one escapade, citing as authority *Conley* v. *State,* 270 Ark. 886, 607 S.W.2d 328 (1980). We agree with the State's recitation of the law to this point. However, in its brief the State concludes by stating that appellant's burglary conviction related to his entering the Blytheville Police Department's Firing Range and taking various items while the breaking or entering conviction pertained to his entering the Blytheville Municipal Airport and breaking into a soft drink machine. This is clearly in error inasmuch as the State did not pursue Count I of the amended information which related to the burglary of the Blytheville Police Firing Range. All of the charges which appellant was tried upon related only to the burglary of the Blytheville Municipal Airport. In any event, we find no merit to appellant's contention that it was reversible error for the trial court to allow appellant to be tried for burglary and breaking or entering, as under the facts of this case, breaking or entering was not a lesser included offense of burglary and the two offenses did not arise out of the same conduct.

The record reflects that on or about February 27, 1985, the Blytheville Municipal Airport was burglarized. The owner of the facility, Albert Lee Richardson, Jr., testified that the night before the burglary took place he had locked up the building. The drawers of the desk in his private office inside the building were closed and locked as well. The interior door to his office was also locked. He was notified by an employee of the burglary and upon his arrival, observed the office door into his private office was broken and that his desk had been broken into. Petty cash, a roll of stamps and his cordless telephone were missing from the desk. Richardson also testified he observed that the Pepsi and Dr.

Pepper machines had been broken into and the money contained therein had been removed. Richardson's maintenance supervisor, Theodore M. Hooley, testified to essentially the same facts. He also noticed upon his arrival at the airport that the sliding door going into Richardson's office was off its hinges and hanging off at an angle. Furthermore, a coin box from one of the vending machines was on the floor next to a hammer and chisel. The doors to the soft drink machines and candy machine were ajar and the locks torn off.

Officer Don Peace investigated the incident and reported that he was able to obtain a latent fingerprint on the coin box of the Pepsi machine. He testified the print was sent to the F.B.I. for comparison. Marilyn Ferguson, an employee of the F.B.I. and a fingerprint specialist, testified that she examined the latent print and that it was the print of appellant's finger.

K.C. Davis, Jr., testified for appellee and stated that he and appellant burglarized the Blytheville Municipal Airport on February 27. He explained that they had entered the building by using a knife on the outside door. The lock to the interior door was torn off and Davis stated they went through the desk and removed a money bag and cordless telephone from it. After leaving the interior office, Davis and appellant went to another area of the building where the vending machines were located. Davis explained that they broke into all three of the machines and removed the coins.

Appellant testified at trial that he did not participate in the burglary of the Blytheville Municipal Airport on February 27. He was acquainted with K.C. Davis but could not recall what he did on February 27. Appellant was unable to explain why his fingerprint was found on the coin box of the Pepsi machine.

██ A person commits burglary if he enters or remains unlawfully in an occupiable structure of another person with the purpose of committing therein any offense punishable by imprisonment. Ark. Stat. Ann. § 41-2002(1) (Repl. 1977). Breaking or entering is committed by one who with the purpose of committing a theft or felony, enters or breaks into any building, structure, vehicle, vault, safe, cash register, money vending machine, product dispenser, money depository, safety deposit box, coin telephone, coin box or other similar container, apparatus, or

equipment. Ark. Stat. Ann. § 41-2003(1) (Repl. 1977).

██ In the case at bar appellant was tried for breaking or entering the vending machines located inside the Blytheville Municipal Airport, misdemeanor theft of the coins contained in the vending machines and the burglary of the building. The evidence clearly establishes that appellant entered and remained unlawfully in the Blytheville Municipal Airport and the jury could have inferred that he did so with the purpose of committing theft of property. The interior office was ransacked and items removed from it. Following this activity, appellant and K.C. Davis went to another area of the building and broke and entered the coin boxes of the vending machines. We hold that these acts do not constitute acts arising out of the same conduct as contemplated by Arkansas Statutes Annotated § 41-105. Furthermore, the offense of breaking or entering in this case did not concern the breaking or entering of the building itself but rather the coin boxes located inside the building. Therefore, the offense of breaking or entering was not necessarily included in the offense of burglary. We find no merit to this contention.

Appellant next argues that the trial court erred in denying his motion for new trial and to set aside the verdict. We disagree. Subsequent to the trial, a juror advised appellant's attorney that although the jurors were unanimous in their finding of guilt, she and another juror did not agree to the number of years appellant was sentenced to. She further stated that the sentence of eleven years resulted from the mistaken belief that a majority vote of the jurors controlled. Appellant thereafter filed his motions, arguing that the jury judgment was by lot. He submitted affidavits of the two jurors. The motions were denied by the trial court.

The record reflects that upon the jury's return to the courtroom, the trial judge proceeded to read its decision. After reading its decision and sentence, the jury was asked by the trial court if what it had just read was what the jurors understood and intended. All jurors indicated that it was. Neither appellant nor appellee requested that the jury be polled.

██ Appellant's argument that a majority vote as to sentencing is the equivalent of voting by lot is erroneous. A verdict by lot is defined as involving an element of chance. *Blaylack* v. *State,* 236 Ark. 924, 370 S.W.2d 615 (1963). In *Rogers* v. *State,*

257 Ark. 13, 513 S.W.2d 908 (1974), the appellant had been convicted of possessing stolen property. Pending his appeal, he was released to serve a federal prison sentence. Upon being paroled, he was returned to state authorities in Arkansas to serve the previously imposed state sentence. Eleven of the twelve trial jurors asked the court by written petition to suspend the three-year old judgment. During a hearing, one of the jurors testified that she had consistently voted for the minimum sentence of one year. She agreed to the five-year verdict in the belief that a majority vote of the jurors controlled. The trial court refused to suspend the sentence and the appellant filed a motion to vacate the judgment and set aside the jury verdict. He argued that the jury verdict was invalid and a nullity because the juror's testimony indicated that she agreed to the verdict in the belief that she thought the majority ruled. The Arkansas Supreme Court stated that it could not construe the juror's testimony as tending to establish that the jury verdict resulted from any element of chance. The court also noted that the appellant did not poll the jury upon rendition of its verdict pursuant to Arkansas Statutes Annotated § 43-2160. The court concluded that Arkansas Statutes Annotated § 43-2004 [repealed by Act 1143 of 1975, currently codified as A.R.E. Rule 606 and Ark. Stat. Ann. § 43-2203 (Repl. 1977)] safeguarded a jury verdict from impeachment by the testimony in that case.

The jury's less than unanimous decision on appellant's sentences in the case at bar does not constitute voting by lot. Appellant did not avail himself of the right to poll the jury. We cannot say the trial court erred in denying appellant's motion for new trial and to set aside the verdict.

Finally, appellant argues that the trial court committed reversible error in running his sentences consecutively instead of concurrently. In this regard, he asks this court to compare the sentences he received against those received by prosecuting witness K.C. Davis. Appellant states that as a result of his sentencing, he was denied equal protection under the Arkansas Constitution and the fourteenth amendment of the United States Constitution.

The Arkansas Supreme Court has consistently held that if the sentence is within the bounds set by the legislature,

it is legal. *Porter* v. *State,* 281 Ark. 277, 663 S.W.2d 723 (1984). Furthermore, the appellate courts will not reduce or compare sentences which are imposed within the statutory limits. *Shields* v. *State,* 281 Ark. 420, 664 S.W.2d 866 (1984). The only exception to this rule is capital cases. *Lear* v. *State,* 278 Ark. 70, 643 S.W.2d 550 (1982). The Arkansas Criminal Code vests the choice between concurrent and consecutive sentences in the judge, not the jury. *Acklin* v. *State,* 270 Ark. 879, 606 S.W.2d 594 (1980). The judge's decision in this regard is a discretionary matter and will not be disturbed on appeal absent an abuse of that discretion. *See Urquhart* v. *State,* 273 Ark. 486, 621 S.W.2d 218 (1981).

We cannot conclude that the trial court abused its discretion in determining that appellant's sentences should run consecutively. In addition, this court will not compare sentences such as these which are imposed within the statutory limits.

Affirmed.

COULSON and JENNINGS, JJ., agree.