Donald Ray ADAMS *v.* STATE of Arkansas

CA CR 87-242                                      755 S.W.2d 579

Court of Appeals of Arkansas
Division II
Opinion delivered August 31, 1988

*Phil Barton*, for appellant.

*Steve Clark*, Att'y Gen., by: *Lynley Arnett*, Asst. Att'y Gen., for appellee.

BETH GLADDEN COULSON, Judge. Appellant, Donald Ray Adams, brings this appeal from a conviction of theft by receiving under Ark. Code Ann. § 5-36-106 (1987), and as an habitual offender under Ark. Code Ann. § 5-4-501 (1987). On appeal, appellant challenges his sentence of six years in the Arkansas Department of Correction, arguing that the State waived the mandatory sentence for habitual offenders by failing to object to a jury instruction which omitted a term of imprisonment.

On January 6, 1987, appellant was charged with theft by receiving, a Class C felony, and as an habitual offender, which carries a penalty for a conviction of a Class C felony of not less than six nor more than twenty years imprisonment. On March 10, 1987, a jury found appellant guilty of theft by receiving, and the trial court determined that appellant was an habitual offender. The verdict form erroneously provided an option permitting the jury merely to assess only fine not to exceed $10,000. When the form was delivered by the jury to the court, only a fine of $5,000 was indicated. Despite the fact that the deputy prosecutor had not objected to the incorrect form, the trial court, on March 12, 1987, struck the fine and imposed a sentence of six years imprisonment. From that judgment, this appeal arises.

During the sentencing phase, the trial court, after reading a jury instruction that clearly stated the jury's sentencing options were limited to either a term of imprisonment or a term of imprisonment and a fine, submitted to the jury a verdict form that contained the improper alternative penalty of only a fine. Realizing that a mistake had occurred, the court advised the attorneys for appellant and the State. The court first suggested withdrawing the erroneous verdict form but then decided, for reasons that are not clear from the record, to allow it to remain uncorrected. The deputy prosecutor observed that, while under the Habitual Offender Act one can either be imprisoned or imprisoned and fined, one "cannot be given just a fine." Nevertheless, he declined to request that a correct form be substituted, relying instead on the jurors' "common sense."

It is appellant's contention that the State, by electing not to object to the erroneous verdict form, waived the mandatory prison sentence requirement of the Habitual Offender Act. A reading of Ark. Code Ann. § 5-4-104(e)(4) (1987) reveals that

not even a judge, much less a prosecutor, can waive that requirement at least after it has been established, pursuant to the statute, that the defendant is an habitual offender.

> The court shall not suspend imposition of sentence, place the defendant on probation, *or sentence him to pay a fine* if it is determined, pursuant to § 5-4-502, that the defendant has previously been convicted of two (2) or more felonies.

Explaining the statutory language, the Arkansas Supreme Court, in *Kinsey* v. *State*, 290 Ark. 4, 716 S.W.2d 188 (1986), stated that "This sentence is a limitation on the court's exercise of leniency allowed in the first part of the statute. Read in context, it obviously means that the court is not allowed to 'only' impose a fine in place of a prison sentence when the defendant is an habitual offender." 290 Ark. at 8, 716 S.W.2d at 190.

Further, Ark. Code Ann. § 16-90-107(d) (1987) provides that:

> If the jury in any case assesses a punishment, whether of fine or imprisonment, below the limit prescribed by law for offenses of which the defendant is convicted, the court shall render judgment and pronounce sentence according to the lowest limit prescribed by law in such cases.

In the present case, the trial court pronounced a sentence of six years according to the lowest limit of the range prescribed by Ark. Code Ann. § 5-4-501(a)(4) (1987). It is within the trial court's discretion to set punishment for a defendant within the statutory range of punishment provided for in a particular crime. *Noland* v. *State*, 265 Ark. 764, 580 S.W.2d 53 (1979). The court's action was taken in order to correct its earlier error in allowing the jury to use an erroneous form.

Affirmed.

COOPER and MAYFIELD, JJ., agree.