Kimberly Latrice MILES *v.* STATE of Arkansas

CA CR 96-1366                                      954 S.W.2d 286

Court of Appeals of Arkansas
Divisions II and III
Opinion delivered October 15, 1997

*Morehead & Morehead*, by: *Robert F. Morehead*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Vada Berger*, Asst. Att'y Gen., for appellee.

JOHN F. STROUD, JR., Judge. This is a criminal case in which appellant, Kimberly Latrice Miles, was charged with second-degree murder in the starvation death of one of her children. The jury found her guilty of manslaughter but could not agree on a sentence. Over a year later, the trial court sentenced her to three years' imprisonment in the Arkansas Department of Correction. Appellant raises three points on appeal: (1) the evidence was not sufficient to support the verdict, (2) the trial court erred in denying appellant's motion for a new trial, and (3) the trial court abused its discretion and inflicted cruel and unusual punishment in sentencing appellant to three years' imprisonment. Finding no error, we affirm.

Appellant is a mildly mentally retarded young woman in her early twenties. Her IQ is reported as 64. She had two children at the time in question, the baby who starved to death and a toddler. The baby was born on February 8, 1994, and died on March 15, 1994, approximately five weeks later. Appellant and her two children lived with appellant's mother and stepfather in efficiency apartment-type living quarters within her parents' house. She concealed her pregnancy with this baby. She delivered the baby alone at home, only going to the hospital after delivery. The premises where appellant and her children lived were clean and sensibly furnished. There was food in the refrigerator, baby formula and food for newborns. There were no hazards, and the toys were safe. The toddler interacted with adults and appeared healthy and well-clothed.

### (1)   The Sufficiency of the Evidence

■   A motion for a directed verdict in a criminal case must state the specific grounds for the motion. *Walker v. State*, 318 Ark. 107, 883 S.W.2d 831 (1994). If a motion for directed verdict is general and does not specify a basis for the motion, it will be insufficient to preserve a specific argument for appellate review. *Id.*

■   Here, appellant moved for a directed verdict at the close of the State's case but did not explain the specific grounds upon which it was based. The record does not show that appellant renewed the motion at the close of her case; however, after closing arguments the trial court stated that "the record needs to reflect that . . . the defendant . . . renewed the motion at the conclusion of the defendant's case and it was, again, denied." No record was made of the grounds relied upon in making the second motion. Appellant argues that "it was crystal clear from the evidence that the only factual matter that could be in dispute was the appellant's mental capacity," and that "where the trial court and the parties understand what the motion is about, it is not necessary to make a motion that would be clear to one not involved with the case whatever," citing *Hattison v. State*, 36 Ark. App. 128, 819 S.W.2d 298 (1991). Appellant's reliance upon *Hattison* is misplaced. First, it was decided prior to the "bright line" that was drawn in *Walker v. State, supra*. Second, unlike *Hattison*, we do not agree that appellant adequately brought to the trial court's attention the issue now argued on appeal. Consequently, appellant is precluded from arguing on appeal that there was not sufficient evidence to prove that she had the requisite "culpable mental state" of recklessly causing the death of her infant son.

■   Moreover, even if we were to consider this argument on appeal, we would still affirm. Appellant was found guilty of manslaughter. "A person commits manslaughter if . . . [h]e recklessly causes the death of another person." Ark. Code Ann. § 5-10-104 (Repl. 1993). "Recklessly" is defined as follows:

> A person acts recklessly with respect to attendant circumstances or a result of his conduct when he consciously disregards a substantial and unjustifiable risk that the circumstances exist or the

result will occur. The risk must be of a nature and degree that disregard thereof constitutes a gross deviation from the standard of care that a reasonable person would observe in the actor's situation[.]

Ark. Code Ann. § 5-2-202(3) (Repl. 1993). In reviewing the sufficiency of the evidence, we do not weigh the evidence on one side against that on the other but simply determine whether the evidence in support of the verdict, viewed in the light most favorable to the appellee, is forceful enough to compel reasonable minds to reach a conclusion one way or another. *Johnson v. State*, 326 Ark. 3, 929 S.W.2d 707 (1996).

Here, the State presented testimony that appellant gave the baby only two bottles on Sunday, March 13; that she did not feed the baby on Monday, March 14, nor on Tuesday, March 15, even though unbeknown to appellant the baby did receive one small bottle from the stepfather on March 15; that the deceased baby's skin was very tight over his head, his stomach was sunken, his eyes were sunken, his ribs were visible, he was very small, and he had no body fat; that appellant was aware the baby was unresponsive as early as 3:00 or 4:00 p.m. on the afternoon of its death; that she checked on the baby again at 9:00 p.m., and the baby was "real pale" and "real cold," but she did not alert her mother and stepfather until approximately 11:00 p.m. that night; that she watched television until telling her parents; that one reason she did not alert anyone sooner about the baby's unresponsiveness was because appellant thought she might "get in trouble" for not having fed the baby; and that when the baby arrived at the emergency room around midnight, it was pronounced dead on arrival. An autopsy was performed, and the cause of death was determined to be starvation. Photographs were introduced, supporting the physical description of the baby when it arrived at the hospital.

This constitutes substantial evidence that appellant recklessly caused the death of her baby. She consciously disregarded a substantial and unjustifiable risk that death might occur if she did not feed the baby more often, and the disregard thereof constituted a gross deviation from the standard of care that a reasonable person would observe in appellant's situation.

### (2)   The Denial of Motion for New Trial

Appellant was tried in January 1995. In February 1995, following the trial but before sentencing, appellant's counsel received a letter from a social worker with the Jefferson County Health Department. The letter was made available to the trial judge in February 1995. On March 6, 1996, the trial court sentenced appellant to three years' imprisonment in the Arkansas Department of Correction. On April 4, 1996, appellant filed a motion for a new trial, relying upon the discovery of the social worker's identification and the information she had about appellant's situation. The motion was denied. We find no abuse of discretion.

In her letter of February 6, 1995, the social worker reported that she visited appellant's house on March 15, 1994, the date of death; that the baby was asleep; that she saw nothing to alarm her; that she visited the family following the death and asked appellant why she had not fed the baby; that appellant told her she had tried to feed him but that he only sucked a little bit; that appellant's mother told her the oldest child did not suck much when he was a baby either; that in her opinion appellant had "no earthly idea" that the baby was wasting away because she could not get him to suck; that in her opinion appellant tried hard to care for the baby to the best of her mental ability; and that in her opinion appellant's baby "died through ignorance and no ill intent on her . . . part."

Newly discovered evidence is the least favored ground in moving for a new trial. *Misskelley v. State*, 323 Ark. 449, 478, 915 S.W.2d 702, 717 (1996). When a new trial is denied on this ground, we will reverse only for an abuse of discretion. *Id.* To prevail, appellant must demonstrate that the new evidence would have impacted the outcome of the case and that due diligence was exercised in trying to discover the evidence. *Id.* Appellant has not satisfactorily demonstrated either.

Appellant's counsel stated in the motion for new trial that appellant and her stepfather had "alleged that someone from social services had monitored the child and had seen no negligence, but they did not know her name." The only reference to a search for the identity of the social worker was described in the motion as

follows: "A search throughout the Human Services Department did not reveal any record of any such support service provider." Counsel had over nine months between his entry of appearance and the trial to investigate the case fully. The baby was only five weeks old at the time of death. If inquiries at the Department of Human Services were not fruitful, due diligence would require further inquiries to locate the social worker, particularly at the local health department and at the hospital where the baby had been born such a short time earlier. The failure to further investigate the social worker's identity demonstrates a lack of diligence rather than a showing of due diligence.

Appellant argues on appeal that neither the State nor the trial court relied upon a lack of due diligence as a basis for denying the motion, and therefore such a basis cannot be relied upon on appeal. The argument is wrong. We affirm a trial court if it reaches the right result, even if it gives a different reason in doing so. Register v. State, 313 Ark. 426, 855 S.W.2d 320 (1993).

Moreover, we do not agree with appellant's argument that the social worker's testimony would have produced a different outcome in the trial. Testimony was presented at the trial that the living quarters were clean, that the baby was clean, and that food was available. The social worker's testimony in this regard would have added nothing. Any statements made by appellant and attempted to be introduced through the social worker would have been inadmissible hearsay since they would have been offered to prove the truth of the matter asserted and would not have been offered against appellant. Ark. R. Evid. 801(c), 801(d)(2)(i), 802. Further, the social worker's opinion that the baby died "through ignorance and no ill-intent on [appellant's] part" would not have affected the outcome of the trial because an intent to kill is not a necessary element of the crime of manslaughter. Bevills v. State, 264 Ark. 846, 575 S.W.2d 443 (1979). Finally, the social worker's credibility would have been seriously attacked on cross-examination in response to her statement that she saw nothing to alarm her when she visited the home on the date of the baby's death. The testimony and photographs introduced at trial showed an emaciated infant with tight skin over his head and sunken eyes. We find

no abuse of discretion in the trial court's denial of appellant's motion for a new trial.

### (3)   The Sentence

As her third point of appeal appellant argues that the trial court abused its discretion in sentencing her to three years' imprisonment and that the sentence constituted cruel and unusual punishment in violation of the Eighth Amendment. We find no error.

The sentence imposed by the trial court was within the statutory range of punishment. It is within the trial court's discretion to impose punishment within the statutory range. *Adams v. State*, 25 Ark. App. 212, 755 S.W.2d 579 (1988). Moreover, the fact that this trial court had not sentenced a defendant in another case to serve time in prison, even though convicted of manslaughter, does not constitute an abuse of discretion. *See Ward v. State*, 20 Ark. App. 172, 726 S.W.2d 289 (1987) (appellate courts will not reduce or compare sentences imposed within statutory limits).

Finally, appellant's argument that the sentence constituted cruel and unusual punishment was not preserved for appeal. Appellant never presented to the trial court the argument now made on appeal. Even constitutional arguments will not be considered for the first time on appeal. *Jordan v. State*, 327 Ark. 117, 939 S.W.2d 255 (1997).

Affirmed.

ROBBINS, C.J., CRABTREE, and MEADS, JJ., agree.

PITTMAN, J., concurs.

NEAL, J., dissents.

JOHN MAUZY PITTMAN, Judge, concurring. I concur in the result reached and join in all but the majority's discussion of the merits of appellant's argument regarding the sufficiency of the evidence.

Rule 33.1 of the Arkansas Rules of Criminal Procedure (formerly Rule 36.21(b)) provides that, in jury trials, any issue per-

taining to the sufficiency of the evidence is waived for purposes of appeal unless preserved by timely and specific motions for directed verdict in the trial court. Over five years ago, when faced with the argument that the rule had been vitiated by inconsistent application, the supreme court acknowledged that discussing the merits of a sufficiency argument despite an appellant's failure to preserve the issue constitutes a "deviation" from the rule. *See Collins v. State*, 308 Ark. 536, 826 S.W.2d 231 (1992). Since that time, *Collins* has been cited for the proposition that, when a criminal defendant fails to preserve a sufficiency issue for appeal, the appellate court "cannot consider" the question on its merits. *See Cummings v. State*, 315 Ark. 541, 869 S.W.2d 17 (1994); *Henry v. State*, 309 Ark. 1, 828 S.W.2d 346 (1992); *Bealer v. State*, 49 Ark. App. 119, 897 S.W.2d 577 (1995). *See also Bragg v. State*, 328 Ark. 613, 946 S.W.2d 654 (1997) (appellant's failure to make a specific directed-verdict motion "precludes our review" of the sufficiency issue); *Dulaney v. State*, 327 Ark. 30, 937 S.W.2d 162 (1997) (upon appellant's failure to make timely and specific directed-verdict motions, the supreme court is "barred from addressing" the issue).

I respectfully concur.

OLLY NEAL, Judge, dissenting. Although I agree with the majority's conclusion that appellant failed to properly preserve her sufficiency of the evidence argument for our review and that her claim of cruel and unusual punishment is unavailing, I must dissent. The trial court should have granted appellant a new trial.

Appellant was charged with the offense of second-degree murder, and ultimately convicted of manslaughter, a Class C Felony. As pointed out in the majority opinion, proof of manslaughter requires evidence that the accused "recklessly caused the death of another person." Ark. Code Ann. § 5-10-104(a)(3). Negligent homicide is a lesser-included offense and requires proof that the accused "negligently causes the death of another person." Ark. Code Ann. § 5-10-105(b)(1). A person acts negligently when he "should be aware of a substantial and unjustifiable risk that the circumstances exist or the result will occur." Ark. Code Ann. § 5-2-202(4). Negligent homicide is a Class A misdemeanor.

In the present case, although the trial court instructed the jury on the offense of negligent homicide, appellant was not given a full opportunity to develop proof that her conduct should be classified as negligence. In her motion for new trial, she pointed out that the hospital at which the child was born recognized a risk that appellant did not possess sufficient intelligence to care for the child properly, that the social worker had contacted her because of an assignment from her agency, that the social worker had observed her child on the date in question, and that the social worker failed in her duty to point out the "substantial and unjustifiable risk" that the child would die from starvation. The fact that the social worker failed to point out the starvation risk is relevant to the question of whether appellant was actually aware of the risk, as required for a manslaughter conviction.

It has been stated that failure to give a lesser-included offense instruction does not constitute reversible error when there is no rational basis for giving the instruction. *Gidron v. State*, 316 Ark. 352, 872 S.W.2d 64 (1994). It is also clear that reversible error may not be predicated upon failure to give a lesser-included offense instruction where the jury has actually been instructed on different grades of an offense and chooses to convict the accused of the greater. *Spann v. State*, 328 Ark. 509, 944 S.W.2d 537 (1997). Although appellant's argument on appeal does not hinge on whether the proper instructions were given to the jury, her argument is well taken. It is inappropriate to deny a motion for new trial where there is newly discovered evidence that may have had an effect on the outcome of the trial and the fact that the evidence was not discovered sooner is not attributable to a lack of diligence. *Misskelly v. State*, 323 Ark. 449, 915 S.W.2d 702 (1996).

Here, based on the evidence that was actually before the court, there was arguably no support for a negligent homicide instruction. However, the testimony of the new witness, Margaret Conner, could very well have established a rational basis for an even greater reduction of appellant's charge. Ms. Conner, who indicated that she had more than twelve years' experience as a Clinical Psychiatric Social Worker, was prepared to testify that she saw nothing out of the ordinary when she visited appellant's home

on the day of appellant's son's death. Ms. Conner's testimony could very well have illuminated the circumstances surrounding her appointment as a caseworker for appellant's son, including whether the assignment was based on the hospital's opinion that appellant lacked sufficient intelligence to recognize signs warning of danger to the child's health. Appellant's parents had already testified that they never warned appellant that the child was wasting, and there was other evidence that appellant simply failed to appreciate the gravity of the situation her son was in.

The majority opinion is based on an all-or-nothing, convict-or-acquit type analysis, when in actuality, a conviction of the even lesser offense of negligent homicide, a class A misdemeanor, would be a materially different "outcome" than appellant's felony conviction. Because the new witness's testimony could have been used to provide a basis for a negligent homicide instruction, and could have led to an even greater reduction in sentence, it was an abuse of discretion to deny appellant a new trial.

The second hurdle appellant must overcome is to show that her failure to discover the new witness prior to trial did not result from a lack of diligence. *Misskelly v. State*, 323 Ark. 449, 915 S.W.2d 702 (1996). Appellant's trial counsel apparently "heard" from appellant that someone had been sent from social services to assess the appellant's home. Counsel stated in his affidavit that he did a thorough search "throughout the Human Services Department." Because of appellant's marginal mental state, and the fact that she was the only link between her attorney and the "mysterious" social worker, it would be unfair to counsel to suggest that he acted negligently or without diligence because he was unable to find the missing witness. Ms. Miles, simply put, did not give her attorney enough to go on. It was not unreasonable for counsel to suspect that the Human Services Department, which has superintending control over matters relating to abuse and neglect of children, would yield information relating to "child welfare."

Ms. Conner's own description of her employment is further indication that she could not be "leisurely" found. She stated "I am employed by the Dept. of Health, Jefferson County Health Unit. . . . I am contracted by Jefferson Comprehensive Care Sys-

tem Inc., [a private agency]." The abbreviated information appellant provided her attorney was a wholly insufficient lead from which counsel could learn the potential witness's identity. Appellant was unable to provide a name, telephone number, business card or supervising agency. Also, appellant failed to "flag" the true relevance of the witness's testimony when she failed to mention that the "social worker" had visited and checked on the child just hours before he died. Finally, the trial court *never found* that counsel failed to act diligently, and to make such a finding on appeal, relying solely on the record, which is undeveloped on that point, is patently unfair.