SLIP OPINION

# SUPREME COURT OF ARKANSAS

No. CR-12-491

| | |
|---|---|
| LOUIS TOWNSELL      APPELLANT | **Opinion Delivered** May 15, 2014 |
| V. | PRO SE APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT [NO. 60CR-09-1103] |
| STATE OF ARKANSAS      APPELLEE | HONORABLE BARRY SIMS, JUDGE |
| | <u>AFFIRMED</u>. |

## PER CURIAM

In 2009, appellant Louis Townsell was found guilty by a jury in the Pulaski County Circuit Court of attempted second-degree murder, arson, and second-degree domestic battering of P.S., a woman with whom he had a romantic relationship, and he was sentenced to an aggregate term of 564 months' imprisonment. The Arkansas Court of Appeals affirmed. *Townsell v. State*, 2010 Ark. App. 754.

In 2012, appellant, who is incarcerated at a unit of the Arkansas Department of Correction located in Pulaski County, filed a pro se petition for writ of habeas corpus in the Pulaski County Circuit Court, which was docketed in his criminal case. In the petition, appellant alleged that the trial court lacked jurisdiction to convict and sentence him to the charges of attempted second-degree murder and second-degree domestic battering, and, therefore the judgment-and-commitment order was void and invalid on its face. The circuit court denied appellant's request for habeas relief, and appellant now brings this appeal.

We will not reverse a circuit court's decision granting or denying postconviction relief

unless that decision is clearly erroneous. *Pankau v. State*, 2013 Ark. 162; *Banks v. State*, 2013 Ark. 147. A finding is clearly erroneous when, although there is evidence to support it, the appellate court, after reviewing the entire evidence, is left with the definite and firm conviction that a mistake has been committed. *Sartin v. State*, 2012 Ark. 155, 400 S.W.3d 694. We find no error in the circuit court's order denying relief and affirm.

A writ of habeas corpus is proper only when a judgment of conviction is invalid on its face or when a trial court lacked jurisdiction over the cause. *Girley v. Hobbs*, 2012 Ark. 447 (per curiam); *Abernathy v. Norris*, 2011 Ark. 335 (per curiam). The burden is on the petitioner in a habeas-corpus petition to establish that the circuit court lacked jurisdiction or that the commitment was invalid on its face; otherwise, there is no basis for a finding that a writ of habeas corpus should issue. *Young v. Norris*, 365 Ark. 219, 226 S.W.3d 797 (2006) (per curiam). Under our statute, a petitioner who does not allege his actual innocence and proceed under Act 1780 of 2001 Acts of Arkansas must plead either the facial invalidity or the lack of jurisdiction by the circuit court and must additionally make a showing by affidavit or other evidence of probable cause to believe that he is illegally detained. Ark. Code Ann. § 16-112-103(a)(1) (Repl. 2006); *Murphy v. State*, 2013 Ark. 155 (per curiam); *Murry v. Hobbs*, 2013 Ark. 64 (per curiam). Proceedings for the writ are not intended to require an extensive review of the record of the trial proceedings, and the court's inquiry into the validity of the judgment is limited to the face of the commitment order. *Murphy*, 2013 Ark. 155.

On appeal, appellant argues that second-degree domestic battering is a lesser-included offense of attempted second-degree murder and that Arkansas Code Annotated section 5-1-110

(Supp. 2009) provides that a defendant may not be convicted of both offenses if one offense is a lesser-included offense of the other. Appellant's claim is essentially a claim of a double-jeopardy violation, and it must fail. Some claims of double jeopardy are cognizable in a habeas proceeding. *See Flowers v. Norris*, 347 Ark. 760, 68 S.W.3d 289 (2002). Detention for an illegal period of time is precisely what a writ of habeas corpus is designed to correct. *Meadows v. State*, 2013 Ark. 440 (per curiam). But, where a double-jeopardy claim does not allege that, on the face of the commitment order, there was an illegal sentence imposed on a conviction, the claim does not implicate the jurisdiction of the court to hear the case, and the claim is not one cognizable in a habeas proceeding. *Burgie v. Hobbs*, 2013 Ark. 360 (per curiam). While appellant attempts to establish that an illegal sentence was imposed in violation of his right against double jeopardy, we disagree.

Arkansas Code Annotated section 5-1-110(b) provides that an offense is a lesser-included offense of another offense if the offense:

(1) Is established by proof of the same or less than all of the elements required to establish the commission of the offense charged;

(2) Consists of an attempt to commit the offense charged or to commit an offense otherwise included within the offense charged; or

(3) Differs from the offense charged only in the respect that a less serious injury or risk of injury to the same person, property, or public interest or a lesser kind of culpable mental state suffices to establish the offense's commission.

In the instant case, appellant contends that the same body of evidence offered to prove the charge of attempted second-degree murder was also offered to prove the charge of second-degree domestic battering and that the two offenses differ only in the degree of injury caused

to the victim. Appellant's argument is premised on his faulty understanding of the following concepts: (1) the elements required to establish the commission of an offense and (2) the body of evidence used to prove those elements. Appellant incorrectly asserts that, if the same evidence proving the elements of one offense also proves the elements of another offense, then one of the offenses is a lesser-included offense of the other. This is not the test for determining whether an offense qualifies as a lesser-included offense. *See* Ark. Code Ann. § 5-1-110(b).

Because appellant fails to establish the facial invalidity of the judgment or demonstrate a lack of the trial court's jurisdiction, there is no basis on which a writ of habeas corpus could be issued. *See Culbertson v. State*, 2012 Ark. 112 (per curiam). Accordingly, the circuit court's order is affirmed.

Affirmed.

*Louis Townsell*, pro se appellant.

*Dustin McDaniel*, Att'y Gen., by: *Laura Shue*, Ass't Att'y Gen., for appellee.