SLIP OPINION

Cite as 2015 Ark. 168

# SUPREME COURT OF ARKANSAS

No. CV-14-588

| | | |
|---|---|---|
| RODRIQUEZ NELSON | | **Opinion Delivered** April 16, 2015 |
| | APPELLANT | PRO SE APPEAL FROM THE HOT SPRING COUNTY CIRCUIT COURT [NO. 30CV-14-1] |
| V. | | |
| | | HONORABLE EDDY R. EASLEY, JUDGE |
| STATE OF ARKANSAS | | |
| | APPELLEE | AFFIRMED. |

**PER CURIAM**

In 2011, appellant Rodriquez Nelson entered a plea of nolo contendere to aggravated residential burglary, domestic battering in the first degree, false imprisonment in the first degree, and terroristic threatening. An aggregate sentence of 600 months' imprisonment was imposed.

In 2014, appellant, who is incarcerated at a unit of the Arkansas Department of Correction located in Hot Spring County, filed a pro se petition for writ of habeas corpus in the Hot Spring County Circuit Court.[1] In the petition, he alleged that the judgment-and-commitment order entered in his criminal case was illegal on its face because it was necessary to prove the elements of first-degree battery and first-degree false imprisonment in order to prove the elements of aggravated residential burglary. He argued that, as he should have been convicted of only aggravated residential burglary, the convictions for the other two offenses should be vacated. The circuit court held that appellant had not stated a basis for the writ to issue and denied the petition. Appellant brings this appeal.

---

[1]As of the date of this opinion, appellant remains incarcerated in Hot Spring County.

In his brief, appellant repeats the allegation raised in the habeas petition pertaining to the overlap of the elements required to prove the offenses of which he was convicted. The argument is essentially that it was a violation of the provisions against double jeopardy to convict him of any crime other than aggravated residential burglary.

A circuit court's denial of habeas relief will not be reversed unless the court's findings are clearly erroneous. *Sanders v. Straughn*, 2014 Ark. 312, 439 S.W.3d 1 (per curiam). A finding is clearly erroneous when, although there is evidence to support it, the appellate court, after reviewing the entire evidence, is left with the definite and firm conviction that a mistake has been committed. *Bryant v. Hobbs*, 2014 Ark. 287 (per curiam).

With respect to appellant's double-jeopardy claim, some claims of double jeopardy are cognizable in a habeas proceeding. *Quezada v. Hobbs*, 2014 Ark. 396, 441 S.W.3d 910 (per curiam). Detention for an illegal period of time is precisely what a writ of habeas corpus is designed to correct. *Id.* But, when a double-jeopardy claim does not establish that, on the face of the judgment-and-commitment order, there was an illegal sentence imposed, the claim does not implicate the jurisdiction of the court to hear the case, and the claim is not one cognizable in a habeas proceeding. *See id.*; *see also Burgie v. Hobbs*, 2013 Ark. 360 (per curiam). Appellant did not establish that the judgment-and-commitment order in his case was facially invalid.

The elements of first-degree domestic battering and first-degree false imprisonment are not the same as the elements required to prove aggravated residential burglary. Arkansas Code Annotated section 5-1-110(b) (Supp. 2011) provides that an offense is a lesser-included offense of another offense if the offense (1) is established by proof of the same or less than all of the

elements required to establish the commission of the offense charged; (2) consists of an attempt to commit the offense charged or to commit an offense otherwise included within the offense charged; or (3) differs from the offense charged only in the respect that a less serious injury or risk of injury to the same person, property, or public interest or a lesser kind of culpable mental state suffices to establish the offense's commission. *See Townsell v. State*, 2014 Ark. 227 (per curiam); *McHaney v. Hobbs*, 2012 Ark. 361 (per curiam).

Arkansas Code Annotated section 5-9-204(a) (Supp. 2009) provides that a person commits aggravated residential burglary if he or she commits residential burglary, as defined in Arkansas Code Annotated section 5-39-201 (Supp. 2009), of a residential occupiable structure occupied by any person, and he or she (1) is armed with a deadly weapon or represents by word or conduct that he or she is armed with a deadly weapon; or (2) inflicts or attempts to inflict death or serious physical injury upon another person. *See Tucker v. State*, 2011 Ark. 144, 381 S.W.3d 1. The offense of aggravated residential burglary is complete upon the satisfaction of those elements. We have held that a defendant may be convicted of the burglary for entering the home and the subsequent offense he commits after the entry. *Kinsey v. State*, 290 Ark. 4, 716 S.W.2d 188 (1986) (holding, under prior law, that aggravated robbery is not a lesser-included offense of burglary, and a defendant can be convicted of both without violating the provisions against double jeopardy); *see also Sherman v. State*, 2014 Ark. 474, ___ S.W.3d ___ (per curiam) (Defendant was legally found guilty of having committed burglary by entering the home to commit theft and legally found guilty of robbery by subsequently using force against the homeowner.).

3

A person commits domestic battering in the first degree if

(1) with the purpose of causing serious physical injury to a family or household member, the person causes serious physical injury to a family or household member by means of a deadly weapon;
(2) with the purpose of seriously and permanently disfiguring a family or household member or of destroying, amputating, or permanently disabling a member or organ of a family or household member's body, the person causes such an injury to a family or household member;
(3) the person causes serious physical injury to a family or household member under circumstances manifesting extreme indifference to the value of human life;
(4) the person knowingly causes serious physical injury to a family or household member he or she knows to be sixty years of age or older or twelve years of age or younger; or
(5) the person

    (A) commits any act of domestic battering as defined by certain statutes; and
    (B) for conduct that occurred within the ten years preceding the commission of the current offense, the person has on two previous occasions been convicted of any act of battery against a family or household member as defined by the laws of this state or by the equivalent laws of any other state or foreign jurisdiction.

Ark. Code Ann. § 5-26-303 (Supp. 2009).

A person commits the offense of false imprisonment in the first degree if, without consent and without lawful authority, the person knowingly restrains another person so as to interfere substantially with the other person's liberty in a manner that exposes the other person to a substantial risk of serious physical injury. Ark. Code Ann. § 5-11-103(Supp. 2006).

As the elements of aggravated residential burglary, first-degree domestic battering, and first-degree false imprisonment require proof of different elements, appellant did not show that the judgment-and-commitment order in his case was illegal on its face. The allegation also did not call into question the trial court's jurisdiction.[2]

    Affirmed.
    *Rodriquez Nelson*, pro se appellant.
    *Dustin McDaniel*, Att'y Gen., by: *Rebecca Kane*, Ass't Att'y Gen., for appellee.

---

    [2]To the degree that appellant was attempting to reach the issue of whether the evidence was sufficient to sustain his convictions, it is well settled that the question of the sufficiency of the evidence is not cognizable in a habeas proceeding. *Craig v. Hobbs*, 2012 Ark. 218 (per curiam).