Raymond Dale DAVIS *v.* M.E. "Dale" REED, Warden

93-1231                                               873 S.W.2d 524

Supreme Court of Arkansas
Opinion delivered April 11, 1994

*Appellant*, pro se.

*Winston Bryant*, Att'y Gen., by: *Clint Miller*, Senior Asst. Att'y Gen., for appellee.

ROBERT L. BROWN, Justice. This appeal is taken from a denial of a petition for a writ of habeas corpus. The appellant, Raymond Dale Davis, contends on appeal as he did in circuit court that the original court accepting his guilty plea and sentencing him lacked jurisdiction to do so. We disagree and affirm the circuit court's decision to deny his petition for habeas corpus relief.

The facts precipitating Davis's petition are undisputed. On January 6, 1992, the prosecuting attorney for the Eleventh Judicial District-West filed two felony informations for capital murder and attempted capital murder against Davis in Lincoln County Circuit Court. Lincoln County and Jefferson County comprise the Eleventh Judicial District-West. The charged offenses occurred in Lincoln County.

Davis subsequently entered into plea negotiations with the prosecutor. On May 6, 1992, Circuit Judge Randall Williams of

the Eleventh Judicial District-West signed an order setting a hearing in the Jefferson County Courthouse for the purpose of taking a guilty plea from Davis and for sentencing. That order was filed with the circuit clerk in Lincoln County. On May 12, 1992, the plea proceedings and sentencing were held before Judge Williams in the Jefferson County Courthouse. Davis pled guilty to each of the three counts and was sentenced to 30 years imprisonment and two terms of life without parole, to run consecutively. Two reports of the plea negotiations and a judgment and commitment order were filed with the Lincoln County Circuit Clerk on the same day. Davis was subsequently incarcerated in the Arkansas Department of Correction.

On June 18, 1993, Davis filed a *pro se* petition for a writ of habeas corpus in Lincoln County Circuit Court, alleging that Judge Williams, who accepted his plea of guilty and sentenced him in Jefferson County, lacked jurisdiction to do so. Appellee M.E. Dale Reed, Warden of the Cummins Unit, moved to dismiss the petition, and the circuit court in Lincoln County with Judge Fred D. Davis, III, sitting denied the petition on the basis that the appellant had raised a venue question and not a jurisdictional issue as required for habeas corpus relief. This appeal followed.

We note initially that a writ of habeas corpus is proper when a judgment of conviction is invalid on its face or when a circuit court lacked jurisdiction over the cause. *McConaughy* v. *Lockhart*, 310 Ark. 686, 840 S.W.2d 166 (1992); *Mackey* v. *Lockhart*, 307 Ark. 321, 819 S.W.2d 702 (1991); *Birchett* v. *State*, 303 Ark. 220, 795 S.W.2d 53 (1990); *Wallace* v. *Willock*, 301 Ark. 69, 781 S.W.2d 484 (1989). An appeal is the proper procedure for the review of a circuit court's denial of a petition for a writ of habeas corpus. *Waddle* v. *Sargent*, 313 Ark. 539, 855 S.W.2d 919 (1993); *In Re Review of Habeas Corpus Proceedings*, 313 Ark. 168, 852 S.W.2d 791 (1993). On appeal, Davis argues the circuit court in Jefferson County lacked jurisdiction to take his plea and sentence him. His jurisdictional argument appears to embrace improper venue in Jefferson County and the absence of authority vested in Judge Randall Williams to act on his case.

To begin with venue and jurisdiction, though sometimes used interchangeably, are two distinct legal concepts. Venue

is the geographic area, like a county, where an action is brought to trial. *Black's Law Dictionary* 1557 (6th ed. 1990). Jurisdiction is the power of a court to decide cases and presupposes control over the subject matter and parties. *Black's Law Dictionary* 853 (6th ed. 1990). This court has stated that venue may be waived in a criminal case within the territorial boundaries of the judicial district. *See Waddle* v. *Sargent, supra; see also* Ark. R. Crim. P. 24.8(c)(1) (waiver of venue for plea of guilty for a second offense committed in another jurisdiction). Since Davis entered his plea in Jefferson County, a contemporaneous objection was required to raise the issue of improper venue and preserve it for appeal. *Harrod* v. *State*, 286 Ark. 277, 691 S.W.2d 172 (1985). In *Harrod*, the venue issue was decided by the defendant's failure to object to venue at sentencing and to request transfer to another county within the same judicial district. In the case before us, the same objection was lacking on Davis's part. Indeed, he voluntarily participated with counsel in the guilty plea and sentencing in Jefferson County. Any venue argument which Davis might have had was waived, and his objection cannot be raised for the first time on appeal.

■ For his second point, Davis appears to urge that the circuit judge — Randall Williams — had no authority to conduct any proceedings in this case. We begin by underscoring the fact that Judge Williams was a circuit judge for the Eleventh Judicial District-West. A circuit judge has the authority to preside over proceedings in any courtroom, in any county, within the judicial district for which that judge was elected. Ark. Code Ann. § 16-13-210 (1987); *Waddle* v. *Sargent, supra.* In *Waddle*, we said:

> Article 7, Section 13 of the Arkansas Constitution provides that a circuit judge "shall reside in and be a conservator of the peace *within the circuit for which he shall have been elected.*" (Emphasis added). In accordance with these provisions of our constitution, Ark. Code Ann. § 16-88-105 (1987) provides that circuit courts shall have jurisdiction to try criminal offenses within the bounds of the geographical judicial district as follows: "The local jurisdiction of circuit courts . . . shall be of offenses committed *within the respective counties in which they are held.*" (Emphasis added). Similarly, Ark. Code Ann. 16-13-210 (1987) provides that a circuit judge who is *"physically present in*

*the geographical area of the judicial district* which he serves as judge may hear, adjudicate, or render any appropriate order with respect to, any cause or matter pending in any circuit court over which he presides[.]" (Emphasis added).

313 Ark. at 541-542, 855 S.W.2d at 920.

Since both Jefferson and Lincoln Counties comprise the Eleventh Judicial District-West, Judge Williams had authority to preside over Davis's plea to a Lincoln County charge even though the hearing was conducted in Jefferson County. The only issue under § 16-13-210 is whether venue was appropriate, but, again, Davis waived any argument of improper venue by his failure to object. *Harrod* v. *State, supra.*

Davis cites *Dix* v. *State*, 290 Ark. 28, 715 S.W.2d 879 (1986) in support of his argument, but the factual situation in that case is clearly distinguishable from Davis's predicament. In *Dix*, we stated that a circuit court did not have jurisdiction to try an offense committed "elsewhere," but in that case the term "elsewhere" referred to a county outside of the court's judicial district. Unlike the situation in *Dix*, the proceedings against Davis in this case were conducted wholly within the Eleventh Judicial District-West. Davis was accused of crimes occurring in Lincoln County by an information filed in Lincoln County. The order for a plea hearing, the two reports of plea negotiations, and the judgment and commitment order were all filed in Lincoln County. The lone event which occurred outside Lincoln County was the plea proceeding and sentencing which was conducted by the circuit judge in Jefferson County. We hold that Davis was tried before a circuit judge who had jurisdiction over his criminal case.

■ Davis's last allegation of error is that the circuit court failed to comply with the provisions of Article 2, Section 10 of the Arkansas Constitution because there was no change of venue pursuant to Ark. Code Ann. § 16-88-209 (1987). Section 16-88-209, however, is only apposite when a case is removed from one county to another county due to prejudice on the part of the original county's inhabitants. Ark. Code Ann. § 16-88-201 (1987). That section is not pertinent to this case.

Affirmed.