SLIP OPINION

# SUPREME COURT OF ARKANSAS

No. CV-13-526

| | |
|---|---|
| GARY W. BENTON<br><br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br><br>APPELLEE | Opinion Delivered October 3, 2013<br><br>PRO SE APPELLANT'S MOTIONS FOR EXTENSION OF TIME TO FILE BRIEF AND FOR APPOINTMENT OF COUNSEL [LEE COUNTY CIRCUIT COURT, 39CV-13-13, HON. L.T. SIMES, JUDGE]<br><br>APPEAL DISMISSED; MOTIONS MOOT. |

## PER CURIAM

In 2010, appellant Gary W. Benton was found guilty by a jury of second-degree forgery and theft by receiving. He was sentenced as a habitual offender to an aggregate term of 360 months' imprisonment. On appeal, appellant argued that there was insufficient corroboration to support the conviction for forgery in the second degree and insufficient evidence to sustain the theft-by-receiving judgment. The Arkansas Court of Appeals found no merit to the arguments and affirmed. *Benton v. State*, 2012 Ark. App. 71, 388 S.W.3d 488.

In 2013, appellant, who was incarcerated at a unit of the Arkansas Department of Correction located in Lee County, filed a pro se petition for writ of habeas corpus in the Lee County Circuit Court.[1] In the petition, he repeated the arguments raised on appeal. He further argued at length that the evidence adduced at his criminal trial was insufficient to sustain either of the judgments of conviction and that the trial court committed errors by denying certain

---

[1]As of the date of this opinion, appellant remains incarcerated in Lee County.

SLIP OPINION

motions and admitting inadmissible evidence. He also appeared to suggest that the Arkansas Court of Appeals erred in affirming the judgment. The circuit court denied the habeas petition, and appellant lodged an appeal of that order in this court. Now before us are appellant's motions for extension of time to file his brief-in-chief and for appointment of counsel.

We dismiss the appeal, and the motions are moot, inasmuch as it is clear from the record that appellant could not prevail on appeal. An appeal of the denial of postconviction relief, including an appeal from an order that denied a petition for writ of habeas corpus, will not be permitted to go forward where it is clear that the appellant could not prevail. *Roberson v. State*, 2013 Ark. 75 (per curiam); *Williams v. Norris*, 2012 Ark. 30 (per curiam); *Russell v. Howell*, 2011 Ark. 456 (per curiam); *Lukach v. State*, 369 Ark. 475, 255 S.W.3d 832 (2007) (per curiam).

A writ of habeas corpus is proper only when a judgment of conviction is invalid on its face or when a circuit court lacked jurisdiction over the cause. *Abernathy v. Norris*, 2011 Ark. 335 (per curiam); *Davis v. Reed*, 316 Ark. 575, 873 S.W.2d 524 (1994). The burden is on the petitioner in a habeas-corpus petition to establish that the trial court lacked jurisdiction or that the commitment was invalid on its face; otherwise, there is no basis for a finding that a writ of habeas corpus should issue. *Young v. Norris*, 365 Ark. 219, 226 S.W.3d 797 (2006) (per curiam). The petitioner must plead either the facial invalidity or the lack of jurisdiction and make a "showing by affidavit or other evidence [of] probable cause to believe" that he is illegally detained. *Id.* at 221, 226 S.W.3d at 798.

The allegations raised by appellant constituted challenges to the sufficiency of the evidence, the trial court's rulings made in the course of the trial, and the decision of the court

of appeals rendered on direct appeal. The claims did not call into question the trial court's jurisdiction or the facial validity of the judgment-and-commitment order. Assertions of trial error do not implicate the facial validity of the judgment or the jurisdiction of the trial court. *Bliss v. Hobbs*, 2012 Ark. 315 (per curiam); *see also McHaney v. Hobbs*, 2012 Ark. 306 (per curiam) (due-process allegations are not cognizable in a habeas proceeding). Claims pertaining to the sufficiency of the evidence and admissibility of evidence are not cognizable in a habeas proceeding. *Craig v. Hobbs*, 2012 Ark. 218 (per curiam).

Jurisdiction is the power of the court to hear and determine the subject matter in controversy. *Bliss*, 2012 Ark. 315; *Culbertson v. State*, 2012 Ark. 112 (per curiam). A circuit court has subject-matter jurisdiction to hear and determine cases involving violations of criminal statutes. *Id.* Mere trial error does not deprive a court of jurisdiction. *Culbertson*, 2012 Ark. 112; *Tryon v. Hobbs*, 2011 Ark. 76 (per curiam). It is true that we will treat allegations of void or illegal sentences similarly to the way that we treat problems of subject-matter jurisdiction. *Friend v. State*, 364 Ark. 315, 219 S.W.3d 123 (2005) (citing *Taylor v. State*, 354 Ark. 450, 125 S.W.3d 174 (2003)). However, a habeas-corpus proceeding does not afford a prisoner an opportunity to retry his case, and it is not a substitute for direct appeal or postconviction relief. *Bliss*, 2012 Ark. 315; *Van v. Hobbs*, 2011 Ark. 287 (per curiam); *Meny v. Norris*, 340 Ark. 418, 420, 13 S.W.3d 143, 144 (2000). Appellant's allegations either could have been, or were, raised in the trial court and on direct appeal. A habeas-corpus proceeding does not afford a prisoner a means to revisit the merits of matters that were, or could have been addressed and settled, in the trial court or on appeal. *See Douthitt v. Hobbs*, 2011 Ark. 416 (per curiam).

When a petitioner in a habeas proceeding failed to raise a claim within the purview of a habeas action, the petitioner failed to meet his burden of demonstrating a basis for a writ of habeas corpus to issue. *McArty v. Hobbs*, 2012 Ark. 501 (per curiam); *Henderson v. White*, 2011 Ark. 361 (per curiam). Appellant did not meet his burden, and, therefore, he could not prevail on appeal. *See Douthitt*, 2011 Ark. 416.

Appeal dismissed; motions moot.

*Gary W. Benton*, pro se appellant.

No response.