SLIP OPINION

# SUPREME COURT OF ARKANSAS

**No.** CV-13-195

| | |
|---|---|
| CHARIELL ALI GLAZE<br>APPELLANT<br><br>v.<br><br>RAY HOBBS, DIRECTOR, ARKANSAS<br>DEPARTMENT OF CORRECTION<br>APPELLEE | **Opinion Delivered**  November 7, 2013<br><br>PRO SE APPELLANT'S MOTION FOR<br>EXTENSION OF TIME TO FILE<br>BRIEF [LINCOLN COUNTY CIRCUIT<br>COURT, 40LCV-12-91, HON. JODI<br>RAINES DENNIS, JUDGE]<br><br><br>APPEAL DISMISSED; MOTION<br>MOOT. |

**PER CURIAM**

In 2010, appellant Chariell Ali Glaze was found guilty by a jury of the offense of being a felon in possession of a firearm. He was sentenced as a habitual offender to 300 months' imprisonment. In 2011, this court affirmed the conviction but remanded the matter for resentencing. *Glaze v. State*, 2011 Ark. 464, 385 S.W.3d 203. On May 8, 2012, a new sentencing order was entered reflecting that appellant had been resentenced as a habitual offender to a term of 216 months' imprisonment.

In 2013, appellant, who was incarcerated at a unit of the Arkansas Department of Correction located in Lincoln County, filed a pro se petition for writ of habeas corpus in the Lincoln County Circuit Court.[1] In the petition, he contended that the convictions for the underlying felonies to the charge of being a felon in possession of a firearm were illegally obtained and should have been expunged. In an amendment to the habeas petition, appellant

---

[1]As of the date of this opinion, appellant remains incarcerated in Lincoln County.

alleged that the evidence was insufficient to sustain the convictions for the underlying felonies. The circuit court dismissed the habeas petition, and appellant lodged an appeal of that order in this court. Now before us is appellant's motion for extension of time to file his brief-in-chief.

We dismiss the appeal, and the motion is moot inasmuch as it is clear from the record that appellant could not prevail on appeal. An appeal of the denial of postconviction relief, including an appeal from an order that denied a petition for writ of habeas corpus, will not be permitted to go forward where it is clear that the appeal is without merit. *Roberson v. State*, 2013 Ark. 75 (per curiam); *Lukach v. State*, 369 Ark. 475, 255 S.W.3d 832 (2007) (per curiam).

A writ of habeas corpus is proper only when a judgment of conviction is invalid on its face or when a trial court lacked jurisdiction over the cause. *Abernathy v. Norris*, 2011 Ark. 335 (per curiam); *Davis v. Reed*, 316 Ark. 575, 873 S.W.2d 524 (1994). The burden is on the petitioner in a habeas-corpus petition to establish that the trial court lacked jurisdiction or that the commitment was invalid on its face; otherwise, there is no basis for a finding that a writ of habeas corpus should issue. *Young v. Norris*, 365 Ark. 219, 226 S.W.3d 797 (2006) (per curiam). The petitioner must plead either the facial invalidity or the lack of jurisdiction and make a "showing by affidavit or other evidence [of] probable cause to believe" that he is illegally detained. *Id.* at 221, 226 S.W.3d at 798.

The allegations raised by appellant constituted challenges to the sufficiency of the evidence to sustain the prior judgments that resulted in appellant's being considered a felon under the law. The allegations did not call into question the trial court's jurisdiction or the facial validity of the judgment-and-commitment order entered when appellant was convicted of being

SLIP OPINION

a felon in possession of a firearm. Assertions of trial error in the prior proceedings did not implicate the facial validity of the judgment or the jurisdiction of the trial court. *Bliss v. Hobbs*, 2012 Ark. 315 (per curiam); *see also McHaney v. Hobbs*, 2012 Ark. 306 (per curiam). If there was a challenge to the sufficiency of the evidence to be made in the trial court to the felon-in-possession charge, it could, and should, have been made at the time of trial. *See Bliss*, 2012 Ark. 315.

Jurisdiction is the power of the court to hear and determine the subject matter in controversy. *Bliss*, 2012 Ark. 315; *Culbertson v. State*, 2012 Ark. 112 (per curiam). Appellant offered nothing to demonstrate that the trial court in his case did not have subject-matter jurisdiction to hear and determine cases involving violations of criminal statutes. *Id.* We will treat allegations of void or illegal sentences similarly to the way that we treat problems of subject-matter jurisdiction. *Friend v. State*, 364 Ark. 315, 219 S.W.3d 123 (2005) (citing *Taylor v. State*, 354 Ark. 450, 125 S.W.3d 174 (2003)). However, a habeas-corpus proceeding does not afford a prisoner an opportunity to retry his case, and it is not a substitute for direct appeal or postconviction relief. *Bliss*, 2012 Ark. 315; *Van v. Hobbs*, 2011 Ark. 287 (per curiam); *Meny v. Norris*, 340 Ark. 418, 420, 13 S.W.3d 143, 144 (2000).

When a petitioner in a habeas proceeding failed to raise a claim within the purview of a habeas action, the petitioner failed to meet his burden of demonstrating a basis for a writ of habeas corpus to issue. *Benton v. Hobbs*, 2013 Ark. 385 (per curiam); *Henderson v. White*, 2011 Ark. 361 (per curiam). Appellant clearly did not meet his burden, and, therefore, he could not prevail on appeal. *See Douthitt v. State*, 2011 Ark. 416 (per curiam).



Appeal dismissed; motion moot.

*Chariell Ali Glaze*, pro se appellant.

No response.