

Cite as 2014 Ark. 26

# SUPREME COURT OF ARKANSAS

**No.** CV-13-759

| | |
|---|---|
| GEORGE E. TOLEFREE | **Opinion Delivered** January 23, 2014 |
| **APPELLANT** | PRO SE APPEAL FROM THE CIRCUIT COURT OF LEE COUNTY AND APPELLANT'S MOTION TO FILE BELATED REPLY BRIEF [LEE COUNTY CIRCUIT COURT, 39CV-13-72] |
| v. | |
| STATE OF ARKANSAS | HONORABLE RICHARD L. PROCTOR, JUDGE |
| **APPELLEE** | |
| | AFFIRMED; MOTION DENIED. |

**PER CURIAM**

In 2007, appellant George E. Tolefree entered a plea of guilty to rape and was sentenced as a habitual offender to a term of 180 months' imprisonment. In 2013, appellant, who was incarcerated at a unit of the Arkansas Department of Correction located in Lee County, filed a pro se petition for writ of habeas corpus in the Lee County Circuit Court.[1]

In the petition for writ of habeas corpus, appellant, who was represented by counsel when the plea was entered, alleged that the writ should issue on the following grounds: he did not voluntarily waive his right to counsel; the "Informational Statement" did not state that he was charged as a habitual offender or designate the statutes he was charged with violating; the sentence was illegal because it violated article 2, section 10 of the Arkansas constitution; and the trial court did not comply with Arkansas Rules of Criminal Procedure 24.4 and 24.6 when the plea was entered. The circuit court denied the petition on the grounds that the allegations were

---

[1]As of the date of this opinion, appellant remains incarcerated in Lee County.



conclusory in nature and failed to state a basis for a writ of habeas corpus to issue. Appellant brings this appeal. He also filed a motion to file a belated reply brief.

The motion is denied as it is clear that the circuit court did not err when it denied the petition. For that reason, a reply brief could provide no argument to change the disposition of this appeal.

A writ of habeas corpus is proper only when a judgment of conviction is invalid on its face or when a trial court lacked jurisdiction over the cause. *Glaze v. Hobbs*, 2013 Ark. 458; *Abernathy v. Norris*, 2011 Ark. 335 (per curiam); *Davis v. Reed*, 316 Ark. 575, 873 S.W.2d 524 (1994). The burden is on the petitioner in a habeas-corpus petition to establish that the trial court lacked jurisdiction or that the commitment was invalid on its face; otherwise, there is no basis for a finding that a writ of habeas corpus should issue. *Young v. Norris*, 365 Ark. 219, 226 S.W.3d 797 (2006) (per curiam). The petitioner must plead either the facial invalidity of the judgment or the lack of jurisdiction and make a "showing by affidavit or other evidence [of] probable cause to believe" that he is illegally detained. *Id.* at 221, 226 S.W.3d at 798.

On appeal, appellant argues that the allegations he raised in his petition were not conclusory and that the circuit court erred by not holding a hearing on the petition. We will not reverse a circuit court's decision granting or denying a petition for writ of habeas corpus unless the decision was clearly erroneous. *Hill v. State*, 2013 Ark. 413 (per curiam) (citing *Pankau v. State*, 2013 Ark. 162). A finding is clearly erroneous when, although there is evidence to support it, the appellate court, after reviewing the entire evidence, is left with the definite and firm conviction that a mistake has been committed. *Id.*

SLIP OPINION

With respect to the circuit court's failure to hold a hearing on the petition, we have noted that, while our statutory habeas-corpus scheme contemplates a hearing in the event the writ is issued, there is no requirement that a hearing be given a petitioner regardless of the content of the petition. *Strong v. Hobbs*, 2013 Ark. 376 (per curiam); *Bradford v. State*, 2011 Ark. 494 (per curiam); *Mackey v. Lockhart*, 307 Ark. 321, 819 S.W.2d 702 (1991) (quoting *George v. State*, 285 Ark. 84, 685 S.W.2d 141 (1985)). A hearing is not required on a habeas petition, even where the petition alleges an otherwise cognizable ground, when probable cause for the issuance of the writ is not shown by affidavit or other evidence. *Strong*, 2013 Ark. 376; *Evans v. State*, 2010 Ark. 234 (per curiam). As appellant here failed to demonstrate probable cause for the issuance of the writ, the circuit court was not required to hold a hearing.

Assuming that appellant's claims concerning the "Informational Statement" were a challenge to the adequacy of the felony information charging him with the offense to which he pled guilty, challenges to the sufficiency of the charging instrument are not jurisdictional and must be raised prior to trial. *Smith v. Hobbs*, 2013 Ark. 400 (per curiam); *Dickinson v. Norris*, 2011 Ark. 413 (per curiam); *Sawyer v. State*, 327 Ark. 421, 938 S.W.2d 843 (1997) (per curiam). When a defendant enters a plea of guilty, the plea is his or her trial. *Coleman v. State*, 2011 Ark. 308 (per curiam) (citing *Crockett v. State*, 282 Ark. 582, 669 S.W.2d 896 (1984)). A habeas-corpus proceeding does not afford a convicted defendant an opportunity to retry his case and argue issues that could have been settled at trial. *Smith*, 2013 Ark. 400; *Hill v. State*, 2013 Ark. 143 (per curiam).

Appellant's grounds for the writ that were based on article 2, section 10 of the Arkansas

3

SLIP OPINION

constitution and criminal procedure rules 24.4 and 24.6 were conclusory in nature and failed to state how any constitutional or procedural violations implicated the jurisdiction of the trial court or rendered the judgment-and-commitment order invalid on its face. *See Daniels v. Hobbs*, 2011 Ark. 192 (per curiam). A purely conclusory allegation with no facts to establish the merit of the claim is not grounds for a writ of habeas corpus. *Strong*, 2013 Ark. 376; *Washington v. Norris*, 2010 Ark. 104 (per curiam). Moreover, the issues pertained to error that could have been addressed either before appellant entered his plea or in a petition for postconviction relief pursuant to Arkansas Rule of Criminal Procedure 37.1. A habeas-corpus proceeding is not a means to revisit the merits of issues that could have been addressed, and settled, in the trial court or in a postconviction proceeding. *Smith*, 2013 Ark. 400 (per curiam); *Friend v. Norris*, 364 Ark. 315, 219 S.W.3d 123 (2005) (per curiam).

To the extent that the claims raised by appellant could have been construed as claims that he was denied effective assistance of counsel during the plea process, allegations of ineffective assistance of counsel are not cognizable in a habeas proceeding. *Rodgers v. State*, 2011 Ark. 443 (per curiam); *Willis v. State*, 2011 Ark. 312; *Tryon v. State*, 2011 Ark. 76 (per curiam); *Grimes v. State*, 2010 Ark. 97 (per curiam). Claims concerning counsel's effectiveness are properly raised pursuant to Rule 37.1 (2013). *Rodgers*, 2011 Ark. 443; *Christopher v. Hobbs*, 2011 Ark. 399 (per curiam); *Moore v. State*, 2010 Ark. 380; *Hill v. Norris*, 2010 Ark. 287 (per curiam). A petition for writ of habeas corpus is not a substitute for proceeding under the Rule. *Rodgers*, 2011 Ark. 443; *Tryon*, 2011 Ark. 76; *see also Johnson v. Hobbs*, 2010 Ark. 459 (per curiam); *Rickenbacker v. Norris*, 361 Ark. 291, 206 S.W.3d 220 (2005).

Because appellant's petition did not establish the facial invalidity of the judgment or demonstrate a lack of the trial court's jurisdiction, appellant did not establish a basis for a writ of habeas corpus to issue. *See Culbertson v. State*, 2012 Ark. 112 (per curiam); *see also Skinner v. Hobbs*, 2011 Ark. 383 (per curiam); *McHaney v. Hobbs*, 2012 Ark. 361 (per curiam). Jurisdiction is the power of the court to hear and determine the subject matter in controversy. *Bliss v. Hobbs*, 2012 Ark. 315 (per curiam); *Culbertson*, 2012 Ark. 112 (per curiam). Appellant offered nothing to demonstrate that the trial court in his case did not have subject-matter jurisdiction to hear and determine cases involving violations of criminal statutes. *Culbertson*, 2012 Ark. 112. Accordingly, the circuit court's order is affirmed.

Affirmed; motion denied.

*George E. Tolefree*, pro se appellant.

*Dustin McDaniel*, Att'y Gen., by: *Jake H. Jones*, Ass't Att'y Gen., for appellee.