SLIP OPINION

Cite as 2014 Ark. 45

# SUPREME COURT OF ARKANSAS

No. CV-13-424

| | |
|---|---|
| ROY E. DAVIS<br>APPELLANT<br><br>V.<br><br><br>RAY HOBBS, DIRECTOR, ARKANSAS<br>DEPARTMENT OF CORRECTION<br>APPELLEE | **Opinion Delivered** January 30, 2014<br><br>PRO SE MOTION FOR EXTENSION<br>OF TIME TO FILE BRIEF [LINCOLN<br>COUNTY CIRCUIT COURT, NO.<br>40LCV-13-5]<br><br>HONORABLE JODI RAINES DENNIS,<br>JUDGE<br><br>APPEAL DISMISSED; MOTION<br>MOOT. |

## PER CURIAM

In 1988, a jury found appellant Roy E. Davis guilty of first-degree murder, and he was sentenced as a habitual offender to life imprisonment. This court affirmed. *Davis v. State*, 319 Ark. 460, 892 S.W.2d 472 (1995).

In 2013, appellant filed in the Lincoln County Circuit Court, the county in which he is incarcerated, a pro se petition for writ of habeas corpus.[1] The circuit court denied the petition by written order, and appellant timely filed a notice of appeal from that order. Now before us is appellant's motion for extension of time to file his brief.

We dismiss the appeal, and the motion is moot as it is clear from the record that appellant could not prevail on appeal. An appeal of the denial of postconviction relief, including an appeal from an order that denied a petition for habeas corpus, will not be permitted to go forward where it is clear that the appeal is without merit. *Glaze v. State*, 2013 Ark. 458 (per curiam).

---

[1]As of the date of this opinion, appellant remains incarcerated in Lincoln County.

SLIP OPINION

The burden is on the petitioner in a habeas-corpus petition to establish that the trial court lacked jurisdiction or that the commitment was invalid on its face; otherwise, there is no basis for a finding that a writ of habeas corpus should issue. *Culbertson v. State*, 2012 Ark. 112 (per curiam). Under our statute, a petitioner who does not allege actual innocence and proceed under Act 1780 of 2001 Acts of Arkansas must additionally make a showing by affidavit or other evidence of probable cause to believe that he is illegally detained. Ark. Code Ann. § 16-112-103(a)(1) (Repl. 2006); *Darrough v. State*, 2013 Ark. 28 (per curiam). A circuit court's denial of habeas relief will not be reversed unless the court's findings are clearly erroneous. *Justus v. Hobbs*, 2013 Ark. 149 (per curiam).

In the petition, appellant contended that his sentence is unconstitutional because the trial court admitted his prior juvenile-delinquency adjudication during the sentencing phase as a basis for sentencing him as a habitual offender. We do not address whether appellant stated a cognizable claim for habeas relief as it is apparent from our review of the record in appellant's direct appeal that four prior felony convictions, not juvenile-delinquency adjudications, were used in sentencing appellant as a habitual offender.

Appeal dismissed; motion moot.

*Roy Davis*, pro se appellant.

No response.