SLIP OPINION



# SUPREME COURT OF ARKANSAS

No. CV-13-956

| | |
|---|---|
| MARIO QUEZADA | **Opinion Delivered** September 25, 2014 |
| APPELLANT | |
| | PRO SE APPEAL FROM THE |
| V. | LINCOLN COUNTY CIRCUIT COURT |
| | [NO. 40CV-13-36] |
| | |
| | HONORABLE JODI RAINES DENNIS, |
| RAY HOBBS, DIRECTOR, ARKANSAS | JUDGE |
| DEPARTMENT OF CORRECTION | |
| APPELLEE | AFFIRMED. |

## PER CURIAM

In 2010, appellant Mario Quezada entered a plea of guilty to one count of delivery of a controlled substance and two counts of possession of a controlled substance "with intent." He was sentenced to an aggregate term of 300 months' imprisonment with an additional 180 months' suspended imposition of sentence for each count.

In 2013, appellant, who is incarcerated at a unit of the Arkansas Department of Correction located in Lincoln County, filed a pro se petition for writ of habeas corpus in the Lincoln County Circuit Court.[1] In the petition, he claimed that the sentence imposed violated the constitutional prohibition against double jeopardy because he was convicted of both delivery of a controlled substance and possession of the controlled substance with intent to deliver. The circuit court dismissed the habeas petition, and appellant brings this appeal.

In his brief, appellant repeats the claim raised in the habeas petition pertaining to double jeopardy. A circuit court's denial of habeas relief will not be reversed unless the court's findings

---

[1]As of the date of this opinion, appellant remains incarcerated in Lincoln County.

are clearly erroneous. *Sanders v. Straughn*, 2014 Ark. 312, ___ S.W.3d ___ (per curiam) (citing *Henderson v. State*, 2014 Ark. 180 (per curiam)). A finding is clearly erroneous when, although there is evidence to support it, the appellate court, after reviewing the entire evidence, is left with the definite and firm conviction that a mistake has been committed. *Bryant v. Hobbs*, 2014 Ark. 287 (per curiam); *Tolefree v. State*, 2014 Ark. 26 (per curiam) (citing *Hill v. State*, 2013 Ark. 413 (per curiam)).

A writ of habeas corpus is proper only when a judgment of conviction is invalid on its face or when a trial court lacked jurisdiction over the cause. *Bryant*, 2014 Ark. 287; *Girley v. Hobbs*, 2012 Ark. 447 (per curiam); *Abernathy v. Norris*, 2011 Ark. 335 (per curiam). The burden is on the petitioner in a habeas-corpus petition to establish that the circuit court lacked jurisdiction or that the commitment was invalid on its face; otherwise, there is no basis for a finding that a writ of habeas corpus should issue. *Bryant*, 2014 Ark. 287 (citing *Young v. Norris*, 365 Ark. 219, 226 S.W.3d 797 (2006) (per curiam)). Under our statute, a petitioner who does not proceed under Act 1780 of 2001 Acts of Arkansas must plead either the facial invalidity or the lack of jurisdiction by the trial court and must additionally make a showing by affidavit or other evidence of probable cause to believe that he is illegally detained. Ark. Code Ann. § 16-112-103(a)(1) (Repl. 2006); *Murphy v. State*, 2013 Ark. 155 (per curiam); *Murry v. Hobbs*, 2013 Ark. 64 (per curiam). Proceedings for the writ are not intended to require an extensive review of the record of the trial proceedings, and the court's inquiry into the validity of the judgment is limited to the face of the commitment order. *Murphy*, 2013 Ark. 155.

With respect to appellant's double-jeopardy claim, some claims of double jeopardy are

cognizable in a habeas proceeding. *Meadows v. State*, 2013 Ark. 440 (per curiam); *see also Flowers v. Norris*, 347 Ark. 760, 68 S.W.3d 289 (2002). Detention for an illegal period of time is precisely what a writ of habeas corpus is designed to correct. *Meadows*, 2013 Ark. 440. But, when a double-jeopardy claim does not allege that, on the face of the commitment order, there was an illegal sentence imposed, the claim does not implicate the jurisdiction of the court to hear the case, and the claim is not one cognizable in a habeas proceeding. *Id.*; *Burgie v. Hobbs*, 2013 Ark. 360 (per curiam). Appellant did not establish that the commitment order in his case was facially invalid.

The judgment-and-commitment order in appellant's case reflected that he was convicted of violating the general controlled-substances statute, Arkansas Code Annotated section 5-64-401 (Supp. 2009).[2] While appellant claims that he was convicted of possession of a controlled substance with intent to deliver, the judgment-and-commitment order does not specify whether appellant was convicted of possession with intent to deliver or possession with intent to manufacture. The face of the judgment in appellant's case does not reflect the circumstances that led to the charges against appellant, and, thus, the face of the judgment does not reflect whether the delivery count and the possession-with-intent counts were based on separate incidents. Here, it cannot be discerned from the face of the judgment that appellant was convicted of an offense and also an offense that was a lesser-included offense to that offense.

Inasmuch as the judgment-and-commitment order did not reflect on its face that appellant was convicted of both an offense and a lesser-included offense to that offense and

[2]Arkansas Code Annotated section 5-64-401 (Supp. 2009) was in effect when the offenses in appellant's case were committed.

appellant did not establish that the trial court lacked jurisdiction in his case, he did not meet his burden of demonstrating that the face of the judgment demonstrated that the judgment was ivalid. For that reason, the circuit court did not err in denying appellant claim for habeas relief. *See Watson v. State*, 2014 Ark. 147 (per curiam). Accordingly, the circuit court's order is affirmed.

Affirmed.

*Mario Quezada*, pro se appellant.

*Dustin McDaniel*, Att'y Gen., by: *Rachel H. Kemp*, Ass't Att'y Gen., for appellee.