SLIP OPINION

# SUPREME COURT OF ARKANSAS

**No.** CV-14-335



| | |
|---|---|
| FRANKLIN L. CHANCE<br>APPELLANT<br><br>V.<br><br>RAY HOBBS, DIRECTOR, ARKANSAS DEPARTMENT OF CORRECTION<br><br>APPELLEE | **Opinion Delivered** September 25, 2014<br><br>PRO SE APPELLANT'S MOTION TO FILE A BELATED REPLY BRIEF [LEE COUNTY CIRCUIT COURT, NO. 39CV-14-22]<br><br>HONORABLE RICHARD L. PROCTOR, JUDGE<br><br>APPEAL DISMISSED; MOTION MOOT. |

### PER CURIAM

On March 12, 2014, appellant Franklin L. Chance, who is incarcerated at a unit of the Arkansas Department of Correction located in Lee County, filed a pro se petition for writ of habeas corpus in the Lee County Circuit Court.[1] In the petition, he stated that in 2004 he had been convicted of rape and incest and alleged the following: he never gave permission to "dismiss or waive" a jury trial, and, once a trial commences, any attempt by the defendant to waive that trial is untimely; Arkansas Rules of Criminal Procedure 24.3–24.7 were not adhered to; the State and the public defenders allowed perjured testimony to be entered and not challenged when the first witness testified that the medical examination "coming back negative" meant nothing because "I read a magazine article that children heal perfectly." In support of the allegations, he argued that no magazine article or magazine was put into evidence and "subjected to any form of validity or relevance in violation of Rules of Evidence 402, 403, 703,

---

[1]As of the date of this opinion, appellant remains incarcerated in Lee County.

and 704," and that this amounted to prosecutorial and judicial misconduct and denial of effective assistance of counsel. He further contended that the errors and violations of his rights were so numerous and profound as to render the whole legal process a mockery and a farce and that, due to the trial court's actions, he was "acquitted of all charges," making his incarceration nothing short of false imprisonment and kidnapping.

The circuit court denied the habeas petition, and appellant lodged an appeal of that order in this court. Now before us is appellant's motion for extension of time to file a reply brief. We dismiss the appeal, and the motion is moot inasmuch as it is clear from the record that appellant could not prevail on appeal. An appeal of the denial of postconviction relief, including an appeal from an order that denied a petition for writ of habeas corpus, will not be permitted to go forward where it is clear that the appeal is without merit. *Davis v. Hobbs*, 2014 Ark. 45 (per curiam); *Lukach v. State*, 369 Ark. 475, 255 S.W.3d 832 (2007) (per curiam).

A writ of habeas corpus is proper only when a judgment of conviction is invalid on its face or when a trial court lacked jurisdiction over the cause. *Glaze v. Hobbs*, 2013 Ark. 458 (per curiam); *Davis v. Reed*, 316 Ark. 575, 873 S.W.2d 524 (1994). The burden is on the petitioner in a habeas-corpus petition to establish that the trial court lacked jurisdiction or that the judgment-and-commitment order was invalid on its face; otherwise, there is no basis for a finding that a writ of habeas corpus should issue. *Young v. Norris*, 365 Ark. 219, 226 S.W.3d 797 (2006) (per curiam). The petitioner must plead either the facial invalidity or the lack of jurisdiction and make a "showing by affidavit or other evidence [of] probable cause to believe" that he is illegally detained. *Id.* at 221, 226 S.W.3d at 798.

The allegations raised by appellant did not call into question the trial court's jurisdiction. Jurisdiction is the power of the court to hear and determine the subject matter in controversy. *Bliss v. Hobbs*, 2012 Ark. 315 (per curiam). There was no claim that demonstrated that the trial court in his case did not have subject-matter jurisdiction to hear and determine cases involving violations of criminal statutes or to establish that the judgment-and-commitment order entered in the case was facially invalid. Claims of trial error are properly settled in the trial court and do not implicate the facial validity of the judgment or the jurisdiction of the trial court. *Girley v. Hobbs*, 2012 Ark. 447 (per curiam). Likewise, allegations of ineffective assistance of counsel are properly raised in the trial court in a timely proceeding under Arkansas Rule of Criminal Procedure 37.1, and are not cognizable in a habeas proceeding. *Tolefree v. State*, 2014 Ark. 26 (per curiam).

When a petitioner in a habeas proceeding fails to raise a claim within the purview of a habeas action, the petitioner fails to meet his burden of demonstrating a basis for a writ of habeas corpus to issue. *Benton v. Hobbs*, 2013 Ark. 385 (per curiam); *Henderson v. White*, 2011 Ark. 361 (per curiam). Appellant clearly did not meet his burden, and, therefore, he could not prevail on appeal. *See Glaze*, 2013 Ark. 458.

Appeal dismissed; motion moot.

*Franklin L. Chance*, pro se appellant.

No response.

3