Cite as 2014 Ark. 503

# SUPREME COURT OF ARKANSAS

No. CV-14-656

| | |
|---|---|
| WALTER J. SIMS, JR.<br>APPELLANT<br><br>V.<br><br><br>RAY HOBBS, DIRECTOR, ARKANSAS<br>DEPARTMENT OF CORRECTION<br>APPELLEE | Opinion Delivered December 4, 2014<br><br>PRO SE MOTIONS FOR<br>APPOINTMENT OF COUNSEL AND<br>FOR LEAVE TO FILE A BELATED<br>REPLY BRIEF<br>[LEE COUNTY CIRCUIT COURT, NO.<br>39CV-14-1]<br><br>HONORABLE RICHARD L.<br>PROCTOR, JUDGE<br><br>APPEAL DISMISSED; MOTIONS<br>MOOT. |

## PER CURIAM

On January 3, 2014, appellant Walter J. Sims, Jr., who is incarcerated in Lee County, Arkansas, filed a pro se petition for writ of habeas corpus in the Lee County Circuit Court.[1] The circuit court denied the petition, and appellant lodged an appeal in this court. Now before us is appellant's motions for appointment of counsel and for leave to file a belated reply brief.

We do not reach the merits of the motions and dismiss the appeal because it is clear from the record that appellant did not allege a basis on which the circuit court could properly grant a writ of habeas corpus. Accordingly, appellant could not prevail on appeal. An appeal of the denial of postconviction relief, including an appeal from an order that denied a petition for writ of habeas corpus, will not be permitted to go forward where the appeal is without merit. *Chance v. Hobbs*, 2014 Ark. 400, 441 S.W.3d 897 (per curiam).

---

[1]As of the date of this opinion, appellant remains incarcerated in Lee County.

A writ of habeas corpus is proper when a judgment of conviction is invalid on its face or when a trial court lacked jurisdiction over the cause. *Glaze v. Hobbs*, 2013 Ark. 458 (per curiam); *Davis v. Reed*, 316 Ark. 575, 873 S.W.2d 524 (1994). The burden is on the petitioner in a habeas-corpus petition to establish that the trial court lacked jurisdiction or that the judgment-and-commitment order was invalid on its face; otherwise, there is no basis for a finding that a writ of habeas corpus should issue. *Young v. Norris*, 365 Ark. 219, 226 S.W.3d 797 (2006) (per curiam). The petitioner must plead either the facial invalidity or the lack of jurisdiction and make a "showing by affidavit or other evidence [of] probable cause to believe" that he is illegally detained. *Id.* at 221, 226 S.W.3d at 798.

In his habeas petition, appellant argued that the writ should issue on grounds pertaining to his criminal conviction.[2] He contended that the evidence was insufficient to sustain the judgment of conviction; the prosecutor at trial committed misconduct; he was denied his Sixth and Fourteenth Amendment rights to a fair, impartial, just, and unbiased trial before an impartial and unbiased judge; and he was denied effective assistance of counsel.

None of the claims called into question the trial court's jurisdiction or the facial validity of the judgment. Jurisdiction is the power of the court to hear and determine the subject matter in controversy. *Bliss v. Hobbs*, 2012 Ark. 315 (per curiam). There was no claim to demonstrate that the trial court in his case did not have subject-matter jurisdiction to hear and determine cases involving violations of criminal statutes or to establish that the judgment-and-commitment

---

[2]Appellant was found guilty in 2008 of first-degree murder in the Jefferson County Circuit Court and sentenced as a habitual offender to 600 months' imprisonment. The Arkansas Court of Appeals affirmed. *Sims v. State*, 2009 Ark. App. 99 (unpublished).

SLIP OPINION

order entered in the case was facially invalid.

Claims of mere trial error, such as those raised by appellant in his habeas petition, are properly settled in the trial court and do not implicate the facial validity of the judgment or the jurisdiction of the trial court. *Tucker v. Hobbs*, 2014 Ark. 449 (per curiam). A claim of prosecutorial misconduct is a claim of trial error. *See Hill v. State*, 2014 Ark. 420 (per curiam). Whether the evidence adduced at trial was sufficient to sustain the judgment of conviction is also a matter to be settled at trial, and the issue is thus outside the purview of a habeas proceeding. *Holliday v. Hobbs*, 2014 Ark. 408 (per curiam). A habeas-corpus proceeding does not afford a convicted defendant an opportunity to retry his case and argue or reargue issues that were, or could have been, settled in the trial court and on the record on direct appeal. *Id.*; *Wesson v. Hobbs*, 2014 Ark. 285 (per curiam).

With respect to appellant's contention that he was denied effective assistance of counsel, allegations of ineffective assistance of counsel are properly raised in the trial court in a timely proceeding under Arkansas Rule of Criminal Procedure 37.1 and are not within the purview of a habeas proceeding. *Tolefree v. State*, 2014 Ark. 26 (per curiam). A petition for writ of habeas corpus is not a substitute for a petition under Rule 37.1. *Friend v. Hobbs*, 364 Ark. 315, 219 S.W.3d 12 (2005) (per curiam).

When a petitioner in a habeas proceeding fails to raise a claim within the purview of a habeas action, the petitioner fails to meet his burden of demonstrating a basis for a writ of habeas corpus to issue. *Quezada v. Hobbs*, 2014 Ark. 396, 441 S.W.3d 910 (per curiam); *Benton v. Hobbs*, 2013 Ark. 385 (per curiam). A circuit court's denial of habeas relief will not be reversed

unless the court's findings are erroneous. *Sanders v. Straughn*, 2014 Ark. 312, 439 S.W.3d 1 (per curiam) (citing *Henderson v. State*, 2014 Ark. 180 (per curiam)). A finding is clearly erroneous when, although there is evidence to support it, the appellate court, after reviewing the entire evidence, is left with the definite and firm conviction that a mistake has been committed. *Bryant v. Hobbs*, 2014 Ark. 287 (per curiam). Inasmuch as appellant failed to state a basis on which the writ could issue, the circuit court did not err in denying relief.

*See Quezada*, 2014 Ark. 396, 441 S.W.3d 910.

Appeal dismissed; motions moot.

*Walter J. Sims, Jr.*, pro se appellant.

*Dustin McDaniel*, Att'y Gen., by: *Karen Virginia Wallace*, Ass't Att'y Gen., for appellee.