SLIP OPINION

Cite as 2015 Ark. 34

# SUPREME COURT OF ARKANSAS

No. CV-14-996

| | | |
|---|---|---|
| RALPH PRUITT | APPELLANT | **Opinion Delivered** January 29, 2015 |
| V. | | PRO SE MOTION FOR EXTENSION OF TIME TO FILE APPELLANT'S BRIEF [LEE COUNTY CIRCUIT COURT, NO. 39CV-14-66] |
| STATE OF ARKANSAS | APPELLEE | HONORABLE L.T. SIMES, JUDGE |
| | | <u>APPEAL DISMISSED; MOTION MOOT</u>. |

**PER CURIAM**

On July 30, 2014, appellant Ralph Pruitt, who is incarcerated in Lee County, Arkansas, filed a pro se petition for writ of habeas corpus in the Lee County Circuit Court.[1] The circuit court denied the petition, and appellant lodged an appeal in this court. Now before us is appellant's motion for extension of time to file his brief-in-chief.

We do not reach the merits of the motion and dismiss the appeal because it is clear from the record that appellant did not allege a basis on which the circuit court could properly grant a writ of habeas corpus. Accordingly, appellant could not prevail on appeal. An appeal of the denial of postconviction relief, including an appeal from an order that denied a petition for writ of habeas corpus, will not be permitted to go forward when the appeal is without merit. *Chance v. Hobbs*, 2014 Ark. 400, 441 S.W.3d 897 (per curiam).

A writ of habeas corpus is proper when a judgment of conviction is invalid on its face

---

[1]As of the date of this opinion, appellant remains incarcerated in Lee County.

or when a trial court lacked jurisdiction over the cause. *Glaze v. Hobbs*, 2013 Ark. 458 (per curiam); *Davis v. Reed*, 316 Ark. 575, 873 S.W.2d 524 (1994). The burden is on the petitioner in a habeas-corpus petition to establish that the trial court lacked jurisdiction or that the judgment-and-commitment order was invalid on its face; otherwise, there is no basis for a finding that a writ of habeas corpus should issue. *Young v. Norris*, 365 Ark. 219, 226 S.W.3d 797 (2006) (per curiam). The petitioner must plead either the facial invalidity or the lack of jurisdiction and make a "showing by affidavit or other evidence [of] probable cause to believe" that he is illegally detained. *Id.* at 221, 226 S.W.3d at 798.

In his habeas petition, appellant argued that the writ should issue on grounds pertaining to his criminal conviction.[2] He contended that he was not afforded effective assistance of counsel and that the evidence was insufficient to sustain the judgment of conviction.

Neither claim called into question the trial court's jurisdiction or the facial validity of the judgment. Jurisdiction is the power of the court to hear and determine the subject matter in controversy. *Bliss v. Hobbs*, 2012 Ark. 315 (per curiam). There was no claim to demonstrate that the trial court in his case did not have subject-matter jurisdiction to hear and determine cases involving violations of criminal statutes or to establish that the judgment-and-commitment order entered in the case was facially invalid.

Whether the evidence adduced at trial was sufficient to sustain the judgment of conviction is a matter to be settled at trial, and the issue is thus outside the purview of a habeas

---

[2]In 2012, appellant was found guilty of two counts of rape and one count of sexual indecency with a minor. An aggregate sentence of 480 months' imprisonment was imposed. This court affirmed. *Pruitt v. State*, 2013 Ark. 128.

proceeding. *Holliday v. Hobbs*, 2014 Ark. 408 (per curiam). A habeas-corpus proceeding does not afford a convicted defendant an opportunity to retry his case and argue or reargue issues that were, or could have been, settled in the trial court and on the record on direct appeal. *Id.*; *Wesson v. Hobbs*, 2014 Ark. 285 (per curiam).

With respect to appellant's contention that he was denied effective assistance of counsel, allegations of ineffective assistance of counsel are properly raised in the trial court in a timely proceeding under Arkansas Rule of Criminal Procedure 37.1 and are not within the purview of a habeas proceeding. *Tolefree v. State*, 2014 Ark. 26 (per curiam). A petition for writ of habeas corpus is not a substitute for a petition under Rule 37.1. *Friend v. Norris*, 364 Ark. 315, 219 S.W.3d 123 (2005) (per curiam).

When a petitioner in a habeas proceeding fails to raise a claim within the purview of a habeas action, the petitioner fails to meet his burden of demonstrating a basis for a writ of habeas corpus to issue. *Sims v. Hobbs*, 2014 Ark. 503, ___ S.W.3d ___ (per curiam); *Benton v. Hobbs*, 2013 Ark. 385 (per curiam). A circuit court's denial of habeas relief will not be reversed unless the court's findings are erroneous. *Rayford v. Hobbs*, 2014 Ark. 244 (per curiam). A finding is clearly erroneous when, although there is evidence to support it, the appellate court, after reviewing the entire evidence, is left with the definite and firm conviction that a mistake has been committed. *Sims*, 2014 Ark. 503, ___ S.W.3d ___. Inasmuch as appellant failed to state a basis on which the writ could issue, the circuit court did not err in denying relief. *See Christopher v. Hobbs*, 2011 Ark. 469 (per curiam).

Appeal dismissed; motion moot.

*Ralph Pruitt*, pro se appellant.

No response.