SLIP OPINION

Cite as 2015 Ark. 41

# SUPREME COURT OF ARKANSAS

No. CV-14-949

| | | |
|---|---|---|
| CHARLES R. SIMS | | Opinion Delivered February 5, 2015 |
| | APPELLANT | |
| | | PRO SE MOTION FOR EXTENSION OF TIME TO FILE APPELLANT'S BRIEF |
| V. | | [LEE COUNTY CIRCUIT COURT, NO. 39CV-14-16] |
| STATE OF ARKANSAS | | |
| | APPELLEE | HONORABLE L.T. SIMES, JUDGE |
| | | APPEAL DISMISSED; MOTION MOOT. |

## PER CURIAM

In 2014, appellant Charles R. Sims, who is incarcerated in Lee County, Arkansas, filed a pro se petition for writ of habeas corpus in the Lee County Circuit Court.[1] The circuit court denied the petition, and appellant lodged an appeal in this court. Now before us is appellant's motion for extension of time to file his brief-in-chief.

We do not reach the merits of the motion and dismiss the appeal because it is clear from the record that appellant did not allege a basis on which the circuit court could properly grant a writ of habeas corpus. Accordingly, appellant could not prevail on appeal. An appeal of the denial of postconviction relief, including an appeal from an order that denied a petition for writ of habeas corpus, will not be permitted to go forward where the appeal is without merit. *Chance v. Hobbs*, 2014 Ark. 400, 441 S.W.3d 897 (per curiam).

A writ of habeas corpus is proper when a judgment of conviction is invalid on its face

---

[1]As of the date of this opinion, appellant remains incarcerated in Lee County.

or when a trial court lacked jurisdiction over the cause. *Glaze v. Hobbs*, 2013 Ark. 458 (per curiam); *Davis v. Reed*, 316 Ark. 575, 873 S.W.2d 524 (1994). The burden is on the petitioner in a habeas-corpus petition to establish that the trial court lacked jurisdiction or that the judgment-and-commitment order was invalid on its face; otherwise, there is no basis for a finding that a writ of habeas corpus should issue. *Young v. Norris*, 365 Ark. 219, 226 S.W.3d 797 (2006) (per curiam). The petitioner must plead either the facial invalidity or the lack of jurisdiction and make a "showing by affidavit or other evidence [of] probable cause to believe" that he is illegally detained. *Id.* at 221, 226 S.W.3d at 798.

In his habeas petition, appellant argued that the writ should issue on the ground that he would not have entered a plea of guilty in his criminal case if his attorney had correctly advised him on his eligibility for parole. The claim did not call into question the trial court's jurisdiction or the facial validity of the judgment. Jurisdiction is the power of the court to hear and determine the subject matter in controversy. *Bliss v. Hobbs*, 2012 Ark. 315 (per curiam). Appellant's claim did not demonstrate that the trial court in his case lacked subject-matter jurisdiction to hear and determine cases involving violations of criminal statutes or establish that the judgment-and-commitment order entered in the case was facially invalid.

The allegation that counsel made some error regarding appellant's eligibility for parole is a claim of ineffective assistance of counsel and not cognizable in a habeas proceeding. *See Smith v. Hobbs*, 2012 Ark. 360 (per curiam) (A habeas-corpus proceeding in state court is generally unavailable for challenging parole matters, and a defendant's belief that his attorney should have informed him about a parole statute applicable to his case is a claim tantamount to

an allegation of ineffective assistance of counsel and not cognizable in a habeas proceeding.). Allegations of ineffective assistance of counsel are properly raised in the trial court in a timely proceeding under Arkansas Rule of Criminal Procedure 37.1. A petition for writ of habeas corpus is not a substitute for a petition under Rule 37.1. *Friend v. Norris*, 364 Ark. 315, 219 S.W.3d 123 (2005) (per curiam).

When a petitioner in a habeas proceeding fails to raise a claim within the purview of a habeas action, the petitioner fails to meet his burden of demonstrating a basis for a writ of habeas corpus to issue. *Sims v. Hobbs*, 2014 Ark. 503, ___ S.W.3d ___ (per curiam); *Benton v. State*, 2013 Ark. 385 (per curiam). A circuit court's denial of habeas relief will not be reversed unless the court's findings are clearly erroneous. *Rayford v. Hobbs*, 2014 Ark. 244 (per curiam). A finding is clearly erroneous when, although there is evidence to support it, the appellate court, after reviewing the entire evidence, is left with the definite and firm conviction that a mistake has been committed. *Sims*, 2014 Ark. 503, ___ S.W.3d ___. Inasmuch as appellant failed to state a basis on which the writ could issue, the circuit court did not err in denying relief. *See Christopher v. Hobbs*, 2011 Ark. 469 (per curiam).

Appeal dismissed; motion moot.

*Charles R. Sims*, pro se appellant.

No response.