SLIP OPINION

Cite as 2015 Ark. 174

# SUPREME COURT OF ARKANSAS

No. CV-14-1122

| | |
|---|---|
| DEMARCUS R. ROBINSON<br>APPELLANT<br><br>V.<br><br>JOHN FELTS, CHAIRMAN, ARKANSAS<br>BOARD OF PAROLE<br>APPELLEE | **Opinion Delivered** April 16, 2015<br><br>PRO SE MOTIONS FOR EXTENSION<br>OF TIME AND PRODUCTION OF<br>DOCUMENTS<br>[CHICOT COUNTY CIRCUIT COURT,<br>NO. 09CV-14-71]<br><br>HONORABLE ROBERT BYNUM<br>GIBSON, JR., JUDGE<br><br>APPEAL DISMISSED; MOTIONS<br>MOOT. |

**PER CURIAM**

Appellant Demarcus R. Robinson filed a petition for writ of habeas corpus in the circuit court of the county in which he was incarcerated, and the circuit court denied the petition.[1] Appellant lodged this appeal, and he has now filed two motions in which he seeks an extension of time in which to file his brief and production of documents. Because it is clear that appellant cannot prevail on appeal, we dismiss the appeal, and the motions are moot.

An appeal of the denial of postconviction relief, including an appeal from an order that denied a petition for writ of habeas corpus, will not be permitted to go forward where the appeal is without merit. *Sims v. State*, 2015 Ark. 41 (per curiam). This court will dismiss the appeal where it is clear from the record that the appellant did not allege a basis on which the circuit court could properly grant a writ of habeas corpus and the appellant could not therefore prevail

---

[1]As of the date of this opinion, appellant remains incarcerated in Chicot County.

on appeal. *Id.* Here, it is clear that appellant did not allege grounds in his petition on which the writ could be granted.

A writ of habeas corpus will issue when a judgment of conviction is invalid on its face or when a trial court lacked jurisdiction over the cause. *Hinkston v. State*, 2014 Ark. 504 (per curiam). The burden is on the petitioner in a habeas-corpus proceeding to establish that the trial court lacked jurisdiction or that the commitment was invalid on its face; otherwise, there is no basis for a finding that a writ of habeas corpus should issue. *Sims v. Hobbs*, 2014 Ark. 503, ___ S.W.3d ___ (per curiam). Under our statute, a petitioner for the writ who does not allege his actual innocence and proceed under Act 1780 of 2001 Acts of Arkansas must plead either the facial invalidity of the judgment or the lack of jurisdiction by the trial court and make a showing by affidavit or other evidence of probable cause to believe that he is illegally detained. Ark. Code Ann. § 16-112-103(a)(1) (Repl. 2006).

In his petition, appellant did not invoke Act 1780, and he alleged that the parole board denied him due process by failing to apply the statutorily mandated criteria for parole eligibility, that the board failed to properly explain its reasons for denying appellant parole, and that the board had incorrectly denied him parole. None of appellant's grounds for relief alleged either the facial invalidity of the judgment against appellant or the lack of jurisdiction by the trial court. When a petitioner in a habeas proceeding fails to raise a claim within the purview of a habeas action, the petitioner fails to meet his burden of demonstrating a basis for the writ to issue. *Sims*, 2014 Ark. 503, ___ S.W.3d ___. Because appellant failed to allege grounds that fall within the narrow parameters recognized in the statute, his petition was without merit, and it was not error

for the trial court to deny habeas-corpus relief. *See id.*

Appeal dismissed; motions moot.

*Demarcus R. Robinson*, pro se appellant.

No response.