Cite as 2015 Ark. 251

# SUPREME COURT OF ARKANSAS

No. CV-15-223

| | |
|---|---|
| CHARLES EDWARD JONES<br>APPELLANT | Opinion Delivered May 28, 2015 |
| V. | PRO SE MOTION TO DUPLICATE BRIEF AT STATE EXPENSE [CHICOT COUNTY CIRCUIT COURT, NO. 09CV-13-72] |
| RAY HOBBS, DIRECTOR, ARKANSAS DEPARTMENT OF CORRECTION<br>APPELLEE | HONORABLE DON GLOVER, JUDGE<br><br>APPEAL DISMISSED; MOTION MOOT. |

**PER CURIAM**

In 2014, appellant Charles Edward Jones filed a pro se motion to amend a previously filed petition for writ of habeas corpus in the circuit court of the county where he was incarcerated.[1] Jones submitted his proposed amended petition with the motion. In the petition, Jones challenged a 2009 judgment that reflected his jury conviction on four counts of rape and an aggregate sentence of 1920 months' imprisonment in the Arkansas Department of Correction. Jones lodged an appeal of the denial of the amended petition in this court. Before us is his motion requesting duplication of his brief at the State's expense. Because we dismiss the appeal, the motion is moot.

An appeal of the denial of postconviction relief, including an appeal from an order that denied a petition for writ of habeas corpus, will not be permitted to go forward where the appeal is without merit. *Sims v. Hobbs*, 2014 Ark. 503, 451 S.W.3d 203 (per curiam). A review of the

---

[1]As of the date of this opinion, Jones remains incarcerated in Chicot County.

SLIP OPINION

petition has made it clear that Jones's appeal is without merit.

A petitioner for the writ who does not allege his actual innocence and proceed under Act 1780 of 2001 Acts of Arkansas must plead either the facial invalidity of the judgment or the lack of jurisdiction by the trial court and make a showing by affidavit or other evidence of probable cause to believe that he is illegally detained. Ark. Code Ann. § 16-112-103(a)(1) (Repl. 2006). A petitioner who seeks a writ of habeas corpus has the burden to establish that the trial court lacked jurisdiction or that the commitment was invalid on its face. *Walker v. State*, 2015 Ark. 153 (per curiam). Unless the petitioner pleads one of these two grounds for relief and makes a showing of probable cause to believe that he is illegally detained, there is no basis for a finding that a writ of habeas corpus should issue. *Baker v. Norris*, 369 Ark. 405, 255 S.W.3d 466 (2007).

The amended petition alleged two grounds for the writ. In the first claim, Jones contended that the State failed to prove all elements of the offenses, that counsel did not preserve the issue of failure of proof for appeal, and that one of the victims had made a statement in a deposition that the crimes occurred in another state. In the second claim, Jones asserted that the trial court lost jurisdiction because a speedy-trial violation occurred.

Jones's first claim for relief essentially challenged the sufficiency of the evidence and alleged ineffective assistance of counsel. Jones's allegation that the deposition statement of one of the victims showed that the crimes occurred outside the court's jurisdiction was nothing more than an attempt to challenge the credibility of the victims' testimony at trial. It is well settled that the question of the sufficiency of the evidence is not cognizable in a habeas proceeding. *Nelson v. State*, 2015 Ark. 168 (per curiam). Attacks on the credibility of the witnesses do not provide

SLIP OPINION

grounds to grant the writ. *White v. Norris*, 2009 Ark. 446 (per curiam). An allegation of ineffective assistance of counsel is also not a ground for the writ. *McConaughy v. Lockhart*, 310 Ark. 686, 840 S.W.2d 166 (1992). Any allegation concerning counsel's effectiveness should have been raised in a timely petition for postconviction relief under Arkansas Rule of Criminal Procedure 37.1. *Griffis v. Hobbs*, 2015 Ark. 121 (per curiam).

Like his first claim, Jones's second claim is also not a cognizable claim for the writ. Denial of a speedy trial is not an issue within the purview of a habeas proceeding. *Id.* Jones's petition did not contain cognizable grounds for the writ to issue. This court dismisses an appeal of the denial of a petition for a writ of habeas where it is clear that the appellant did not allege grounds in his petition on which the writ could be granted. *Robinson v. Felts*, 2015 Ark. 174 (per curiam).

Appeal dismissed; motion moot.